Wilson *v.* Drumrite.

———————

WILSON, Appellant, *vs.* DRUMRITE & VAUGHN, Respondents.

21 325
37a 247
21 325
49a 464
21 325
64a 297
21 325
f159 554

1. Every conveyance, intended as a security for money, is a mortgage, and no agreement of the parties at the time can take away or limit the right of redemption.

2. W. by deed absolute on its face, conveyed land to D. as security for the price of the land warrant. There was a verbal agreement that D. should reconvey if the money was paid by a specified day; but if not, the land was to be his, and he was to sell the same to get his pay. The money not being paid within the time limited, D. conveyed a portion of the land to a purchaser for value, without notice. In a suit by W. to redeem, *held* that the conveyance was a mortgage, and that D. could be compelled to account for the value of the land sold, and reconvey the residue.

   (SCOTT, J., dissenting, holding that the transaction was a mortgage with power of sale, and W. was only entitled to a reconveyance of the land unsold.)

### *Appeal from Greene Circuit Court.*

This was a suit brought by Wilson against Drumrite & Vaughn, the object of which was to redeem two hundred acres of land, held under a conveyance from the plaintiff to Drumrite, purporting to be absolute, but claimed by the plaintiff to

have been intended as a mortgage. The defendant, Vaughn, held one hundred and twenty acres under a deed from Drumrite, but was alleged to have purchased with notice of the plaintiff's equity.

The petition stated that, in 1849, Drumrite sold a land warrant to the plaintiff at the price of $125, to secure the payment of which, plaintiff conveyed to Drumrite the 160 acres, upon which he located the warrant, and also another forty acre tract owned by him, the whole being the land in controversy.

The defendants, in their answer, admitted the sale of the warrant, but denied that the subsequent conveyance was made as a security for the price, or was intended as a mortgage. They stated that plaintiff proposed to give Drumrite a mortgage, but he refused to accept it. They stated the facts to be, that upon the negotiation for the purchase of the warrant, plaintiff agreed to convey to Drumrite the land upon which it was located and the other tract, if Drumrite would verbally agree to reconvey upon payment of the price of the warrant, at the time agreed upon, viz : Fifty dollars in six weeks, from the date of the entry, and seventy-five dollars by the first of March, 1850, and, if plaintiff did not pay according to contract, the whole of the land should be Drumrite's, and he should sell any or all of it to pay himself for his warrant and trouble; that Drumrite assented, and under this agreement transferred the warrant and received the conveyance ; that plaintiff failed to pay when the money became due, and that afterwards Drumrite sold three of the tracts to Vaughn for $140, which, together with twenty dollars received from the plaintiff, he conceived would compensate him for the warrant, and his trouble and expenses ; and that he had offered to reconvey to plaintiff the remaining eighty acres, but plaintiff had refused to receive a conveyance. The defendant, Vaughn, denied any notice of the plaintiff's equity, and alleged that he purchased in good faith and for value ; and the jury, in a special verdict upon issues submitted by the court, of which this was one, found such to be the fact.

Wilson *v.* Drumrite.

Upon the special finding of the jury upon the issues submitted, (one of which was whether the conveyance was intended as a mortgage,) the Circuit Court rendered a judgment for the defendants, from which the plaintiff appealed.

*J. M. Richardson* argued the case for the appellant, but his brief is not found on file.

*Wright & Price,* for respondents. 1. The conveyance being absolute on its face, it was a question of fact for a jury whether it was intended as a mortgage, and they having found that it was not, this court will not disturb the finding. (16 Mo. Rep. 129—240.) 2. The most favorable light in which the transaction can be regarded for the plaintiff is, that it was a conditional sale; and having failed to pay at the time agreed upon, his conditional right ceased. The payment was optional with Wilson. In a mortgage, there is an obligation to pay. (1 Call's Rep. 244. 7 Cranch, 218. 7 Conn. 143. Powell on Mort. 173. 1 Madd. Ch. 516. 1 Vernon, 268.) 3. Even if the conveyance is to be regarded as a mortgage, Vaughn is not affected by it, as the jury found that he was a purchaser in good faith without notice. (2 Sumner, 234.) 4. The petition contained no equity. The land on which the warrant was located belong to Drumrite until he was paid for the warrant. He only sold a part of the land for the purpose of making his money, and offered to reconvey the entire balance. The equity of redemption was attached to mortgages on account of the hardships of the law, and equity will not interfere when injustice may be done the mortgagee. (1 J. J. Marsh. 344. 5 Eng. Cond. Ch. Rep. 268.) 5. A deed absolute on its face cannot be shown to be a mortgage in the absence of fraud, accident or mistake. (2 Story's Eq. § 1018.)

LEONARD, Judge, delivered the opinion of the court.

1. In Hargrave and Butler's notes on Coke's First Institute, (205, *a,* Note 96, Book 3,) it is said: "It may be laid down generally, and subject to very few exceptions, that, wherever a

conveyance or assignment of an estate is originally intended as a security for money, whether this intention appear from the deed itself or any other instrument, it is always considered in equity as a mortgage, and redeemable even though there is an express agreement of the parties that it shall not be redeemable, or that the right of redemption shall be confined to a particular time, or to a particular description of persons."

By the English law, a conveyance of property as security for the payment of money, is a redeemable mortgage, no matter what the parties intend in reference to the right of redemption. This right is inseparably incident to such a conveyance, and can only be extinguished by a judicial sentence of foreclosure or a sale pursuant to the agreement of the parties. The equity of the mortgagor is said to be part of the law of the land, so that it cannot be provided against or controlled by the contract of the parties ; and every effort that has been made to create an irredeemable security for money, by a conveyance of property, has been met and frustrated by the courts. ( *Seton* v. *Slade*, and *Hunter* v. *Seton*, 7 Ves. Rep. 272. 1 Hilliard on Mcrtg. ch. 4, sec. 1, and cases there cited. )

We learn that creditors under the Roman law, in the time of Justinian, attempted to restrain the right of redemption by providing that the conveyance should be absolute unless the money was paid at the day ; but that emperor declared, on the ground of public policy, that all such stipulations should be void as originating in, and tending to, oppression. (1 Spence Equit. Jurisdiction, 600.)

Undoubtedly, a party may make a sale of his property, with the privilege of repurchasing it at a specified price, or, as it is usually termed, a conditional sale; but he cannot, under the color of such a transaction, create an irredeemable security for money. It is said by Ruffin, Justice, in *Poindexter* v. *Mc-Cannon*, (1 Dev. Eq. Rep. 375, 376 :) " A mortgage and a conditional sale are nearly allied to each other. The difference between them is, that the former is a security for a debt, and the latter is a purchase for a price paid, or to be paid, to be-

come absolute on a particular event, or a purchase, accompanied by an agreement to resell upon particular terms. The only difficulty is to ascertain the character of the transaction. When it is once ascertained to be a mortgage, all the consequences of account, redemption, and the like, follow, notwithstanding any stipulations to the contrary; for the power of redemption is not lost by any hard conditions, nor shall it be fettered to any point of time, not according to the course of the court."

2. The present transaction, according to the defendant's own account of it, was a security for money; and it is quite immaterial that there was no written obligation or express undertaking on the part of the debtor to pay. A debt was contracted by the purchase of the warrant.

The defendant, (we confine ourselves to his own statement of the matter,) sold the warrant for one hundred and twenty-five dollars, upon credit, payable in two instalments, and, to secure the payment of the money at the times agreed upon, took from the defendant an absolute conveyance of the land located by the warrant, and of an additional forty acre tract that belonged to the plaintiff, and gave him his verbal promise to recovery, if the money was paid as it fell due. It may be admitted that the defendant refused to take a mortgage, and that it was expressly agreed between the parties that there should be no reconveyance of the land except upon the condition of punctual payment at the times indicated; yet, the conveyance was given and taken as security for money to be paid, and therefore for that very reason is, by the law of the land, a mortgage—a redeemable conveyance, and it was not in the power of the parties to make it otherwise.

The defendant expressly admits in his answer that the land was conveyed to him to secure the payment of the price of the warrant, and this, of course, is sufficient, without any thing more; but the transaction itself was most manifestly of that character upon the defendant's own showing of the matter. There was here no conditional sale of the property; the plain-

tiff did not go into the market to raise money upon a sale of his land, reserving to himself the privilege of repurchasing at a specified time, but, according to the substance of the transaction, made a purchase, and then conveyed the land, bought with other land, to the vendor, as a security for the price to be paid.

We have nothing to do here with the question of the admissibility of parol evidence to convert an absolute conveyance into a mortgage. The obligation to reconvey, if the money was paid on the day, being admitted in the answer, no question of that character arises here. Nor have we any thing to do with the moral propriety or impropriety of the plaintiff's conduct, in withholding the payment of the money, it may be vexatiously; and then insisting, after a considerable lapse of time, upon his right to redeem, contrary to his express contract. It is enough for us that the transaction was a security for money, and, therefore, of necessity, a mortgage—a redeemable conveyance—and that, upon the admission of the defendant, Drumrite, it is our duty so to declare.

The result is, the judgment must be reversed, and the cause remanded. The transaction must be decreed as against the defendant, Drumrite, upon the admission in his answer to be a mortgage; but as he has conveyed a part of the mortgaged premises to his co-defendant, Vaughn, who is found to be a purchaser, for value, without notice, Drumrite must account for the value of the land sold, and reconvey the residue to the plaintiff upon the payment of what shall be found to be due upon a settlement of the account between the parties.

The judgment is accordingly reversed, and the cause remanded.

SCOTT, Judge, dissenting. In my opinion, as the parol declarations or admissions of Drumrite were received to convert his absolute deed into a mortgage, they should have been taken altogether. Do this, and it will appear from the admissions that if it was a mortgage, it was one with the power of sale; and as the conveyance made by Drumrite to Vaughn was noth-

ing but an execution of the power of sale reserved to Drumrite in the agreement between him and Wilson, there is now no right of redemption in Wilson. If there was any thing due Wilson after the sale to Vaughn, this was not the proper form of action for its recovery. Wilson should have a deed for the portion of the land not sold, and should pay all the costs as well in this court as in the court below.