Tibeau v. Tibeau.

---

TIBEAU, Respondent, v. TIBEAU, Appellant.

1. The supreme court will not reverse a judgment on the ground that the court has not permitted a party to have the opening and the closing of the case to the jury, unless such refusal has produced a wrong to the party.

6—VOL. XXII.

2. An understanding between vendor and vendee, entered into at the time of sale of land, (being a parol sale under which possession is taken,) that if within a year the former should repay to the latter the purchase money, with interest, then the latter would reconvey to the former, constitutes the transaction a mortgage.

*Appeal from St. Louis Circuit Court.*

For the report of this case, when on error before, see 19 Mo. 78. In addition to the evidence offered at the former trial, the plaintiff introduced evidence tending to prove a tender of the mortgage money. At the close of the plaintiff's case, the defendant asked the following instruction: " 1. The jury are instructed that the plaintiff can not recover;" which the court refused, and defendant excepted. Defendant then gave evidence tending to show a parol sale by plaintiff to defendant, and possession taken under the same. The defendant asked the following instructions: " 2. The jury are instructed that if plaintiff re-sold the land to defendant, and possession of the land was by plaintiff, through Louis Tibeau, surrendered to defendant, then, as there is no question that the consideration was paid, the jury must find for the defendant." " 3. The jury are instructed that by the pleadings it is admitted that the sum of one hundred and thirty dollars was paid by defendant for plaintiff, and the only issue to be tried by the jury, is whether this sum, so paid, was the consideration of a mortgage or of a re-sale of the land by plaintiff to defendant." " 4. The jury are instructed that if plaintiff sold the land to defendant, with intent to cover up the property, and hide or conceal the same from his creditors, then plaintiff can not recover, and the jury must find for the defendant." " 5. It is admitted by the pleadings that one hundred and thirty dollars were paid to or on account of plaintiff by defendant. " These instructions were refused by the court, and, on its own motion, the court gave the following: " 1. [This instruction is set forth in the opinion of the court.] " 2. It is admitted by the plaintiff in his petition that in 1839, he owed defendant $130." At the request of plaintiff, the court gave the following instruction:

" 3. If the jury find for the plaintiff, they will find the value of the rent of the premises from the year 1849 to the present time." The defendant duly excepted to the giving and refusing of the above instructions.. The jury returned a verdict for the plaintiff, and assessed the monthly value at ten dollars. The court, by its own decree, vested the title to the land in the plaintiff, subject to a lien in favor of the defendant for the balance due him.

*A. J. P. Garesché*, for appellant.

*Reber*, for respondent.

RYLAND, Judge, delivered the opinion of the court.

This case was heretofore in this court, and is reported in 19 Mo. 78. The judgment below was then reversed, and the cause remanded. The present record presents very much the same state of facts ; it will not be necessary therefore to make a lengthy statement of the facts now before us, but to refer to the reported case. The plaintiff below again obtained judgment against the defendant, who moved to set the same aside, and for a new trial, which being overruled, he brings the case here by appeal.

In this court, the defendant contends for a reversal of the judgment, because the court below improperly and illegally refused to permit the defendant's counsel to have the opening and the concluding of the case before the jury. And because proper instructions were asked by the defendant and refused by the court, and improper instructions were given by the court.

1. As to the first ground of complaint, we say that is not well taken. " This is a matter depending on the practice and discretion of the circuit or inferior court. In an argument to a jury; the reply may or may not have had an influence on the verdict. If the verdict is such a one as could not have been rendered otherwise, on the law and the evidence of the case, the court below would not have granted a new trial, although the right to conclude had been denied to him who held the affirmative, and

against whom the verdict was rendered; nor would this court reverse a judgment for such a cause." (Wade v. Scott, 7 Mo. 514; 1 Greenl. Ev. § 75 and 76.) The exercise of the discretion of the inferior courts in this matter must produce wrong to the party in the cause, before this court will pretend to revise it.

2. In regard to the instructions refused on the part of the defendant, we also think that there is no well founded objection. The answer of the defendant shows that the transaction in regard to the land in controversy between himself and his brother, the plaintiff, may well be considered in the light of a mortgage. The plaintiff contends it was a mortgage; the defendant, that it was a sale. Now these two brothers might have different views in regard to this matter. The contract or the agreement might be in law a mortgage, although the defendant did not think so when he was making it.

The court instructed the jury " that the defendant claims the land in controversy under a parol contract, which he alleges he made with the plaintiff, with the payment of the purchase money and delivery of possession under it. To sustain the defence, it should appear from the evidence that there was a contract for the sale of the land, as alleged, and what the consideration was, and that it was paid by defendant, and that the possession of the land was delivered or given up to the defendant in pursuance of it; if all this is proven to the satisfaction of the jury, they will find a verdict for the defendant, otherwise the defence of a parol purchase is not made out." This instruction put the defence, as regards the contract, fairly before the jury. The defendant entered the land with the money of his father, at his father's direction; he had made to the plaintiff a deed for the twenty acres in controversy. Now the destruction of this deed, as heretofore laid down in this case by this court, did not reinvest the title to the land in the plaintiff. To get this title back, must be by contract. The defendant sets up this contract. It is not pretended to be in writing, and the court properly states to the jury, under the

above instruction, what the defendant has to make out by his proof.

This instruction embraced the merits of the defence, and the jury found for the plaintiff. The defendant in his answer states "that at the period of his repurchase, he told plaintiff that, if within a year he could repay to the defendant the amount of purchase money and interest, he would reconvey to him." This in effect makes this transaction a mortgage, and the subsequent statement of the defendant, " that, because this period has long since elapsed, because it was a promise made after the purchase, and without consideration, he should not now be compelled to observe it, and that the same is not binding," can not render it less a mortgage. At the period of his repurchase he told the plaintiff that, if within a year he could repay to the defendant the amount of the purchase money and interest, he would reconvey to him. We must remember that all this matter about repurchase is in parol, that is, not in writing. Then being done at the same period—same time, whether at the end or beginning of the contract, it must be considered as forming a part of it. It must be considered as forming but one contract or agreement, and the legal effect of that is to make the whole a mortgage—a different thing altogether from what the defendant's counsel contends it was. The jury having found for the plaintiff upon an instruction putting the law of the case fairly before them, we can not say that they have been misled.

In regard to the point about the rent, it may only be thought necessary to say that the mortgage debt and interest have been decreed to be paid to the defendant. Now the value of the profits and rents of the premises, in equity and good conscience, should be deducted from the debt and interest. The court directed the jury very properly to estimate the yearly value from a certain period before the possession and up to the beginning of the suit, including the time the defendant was in such possession; not for the purpose of deducting the rent for such time, but in order to ascertain the yearly value correctly, that he, from such estimate, might fairly allow for the time during

which the defendant had possession according to the yearly value found by the jury ; and hence in this case the damages or value of the rents and profits are charged against the defendant only for the time he had the premises in his possession.

Upon the whole case, this court is of opinion that the judgment of the court below should be affirmed, which, with the concurrence of the other judges, is done accordingly.