PETER COPELAND, Respondent, v. GEORGE YOAKUM'S ADM'R AND MINOR HEIRS, Appellants.

1. *Mortgage—Practice—Parties.*—An absolute deed of lands and a defeasance executed at the same time constitute a mortgage; and in a bill to redeem, the administrator of the mortgagee is the only necessary party.
2. *Practice—Infants—Attorney.*—Infants cannot appear to a suit by attorney; they must appear by guardian or next friend.

*Appeal from Polk Circuit Court.*

*J. S. Phelps,* for appellants.

The judgment should have been set aside, because the plaintiff in error at the time of the rendition of the judgment was an infant, and did not appear to the suit by guardian— Powell v. Gott, 13 Mo. 458; Randalls v. Wilson, 24 Mo. 76; Thornton v. Thornton, 27 Mo. 302; Rush v. Rush, 19 Mo. 441. Infants must defend by guardian; they cannot appear by attorney. Plaintiff must see that infant defendants appear by guardian; and if they do not so appear, must have guardian appointed—5 Bac. Abr. 148-9; Bing on Inf. 123-4; R. C. 1855, p. 1220, § 8.

If judgment shall be reversed as to one, it must be reversed as to all—Rush v. Rush, 19 Mo. 441; Randalls v. Wilson, 24 Mo. 76; 12 John, 434; 14 John, 417; Grah. Pr. 746, 791.

23—VOL. XXXVIII.

Judgment against an infant who appears by attorney is error—16 Wend. 48 ; Randalls v. Wilson, 24 Mo. 76. A decree against an infant not served with process, but who answers by guardian *ad litem*, set aside on motion because erroneous—Hendricks v. McLean, 18 Mo. 32.

Judgment against an infant who does not appear by guardian will be revoked not only as to the infant, but as to all joined with him—Grah. Prac. 746.

*Baker* and *T. A. Sherwood*, for respondent.

The land in this case being conveyed by deed to Yoakum by Copeland, who received a bond from the grantee to reconvey the land on the payment of a sum of money, stamps upon the transaction the character of a mortgage ; for a mortgage is nothing more than an ordinary deed, with a clause of defeasance, and such defeasance may be contained in or separate from the deed ; the form is immaterial—Marshall v. Stewart et al., 17 Ohio, 356 ; 4 Kent Com. 141 et seq. ; Tibeau v. Tibeau, 22 Mo. 77 ; Wilson v. Drumrite, 21 Mo. 325. Jennings, the administrator of Yoakum, was therefore the only necessary party in the proceeding to redeem. The heirs of Yoakum were not necessary parties—R. C. 1855, § 4, tit. Mortgages ; Riley's Adm'r v. McCord's Adm'r, 21 Mo. 285.

The heirs of Yoakum, not being necessary parties, have no right to complain, as they are not injuriously affected by the decree. Their objections are of a formal character only, not "materially affecting the merits of the action"—R. C. 1855, § 34, p. 1300 ; Sheppard v. Bank, 15 Mo. 141 ; Papin v. Massey, 27 Mo. 445 ; R. C. 1855, Art. IX., Prac. C. C., §§ 6, 19 & 20.

The court below, after final decree, would not have erred in striking out the names of Yoakum's heirs, and that may be done even in this court—§ 20, *supra*. The decree in this case for money is against the administrator alone. The motion filed in the Circuit Court asks that the whole decree be set aside. Even if the appellant minor had such an interest as

Copeland v. Yoakum's Adm'r et als.

would warrant the setting aside the decree as to her, it would still remain good as to the adults.

The doctrine that a judgment is an entirety, and if irregular as to part of the defendants must be set aside as to all, does not apply to a decree respecting lands. The entirety of a judgment for money has for its basis that each of the judgment defendants is responsible for the whole amount adjudged to be due ; but a decree as to land establishes no such joint liability—Enos et al. v. Capps, 12 Ills. 255, and cases cited ; Dickerson v. Chrisman, 28 Mo. 134.

If these views are correct, the Circuit Court did not err in overruling the motion to set aside the decree, as that motion, aside from other objections already noticed, asked too much. It is like the case when two defendants, one of whom has good ground for demurring and the other has not, join in a demurrer—Bank v. Young's Adm'r, 35 Mo. 371.

HOLMES, Judge, delivered the opinion of the court.

This was a petition in the nature of a bill in equity to enforce the specific performance of a contract, and to compel the personal representatives of the deceased party to accept satisfaction of a mortgage debt, and to discharge the mortgage and relinquish the possession of the land and property mortgaged, and for an account. The plaintiff had contracted with George Yoakum in his lifetime to build certain mills on the plaintiff's land, and for the purpose of securing full payment according to the contract had conveyed the land, mills and other property to him by an absolute deed, and taken a bond from him in the penalty of $8,000, conditioned for the reconveyance of the property to the plaintiff upon the complete performance of the contract and payment of all sums due thereon. Before this was done, the said George Yoakum departed this life, and the defendant Jennings was appointed his administrator, and took possession of the property. This suit was brought against him as the personal representative of the deceased party, and the minor heirs of the deceased were also made parties defendant, who appeared and an-

swered by attorney. A final decree was rendered at the March term of the Circuit Court of Polk county in favor of the plaintiff, whereby it was ascertained that the contract had been fully performed, and that all sums due had been paid, and that there was a balance of account due the plaintiff amounting to one thousand dollars; and it was decreed that the defendants should be devested of all title in the real estate so mortgaged, and that the possession thereof should be restored to the plaintiff, and that the administrator should pay to the plaintiff the said sum of one thousand dollars and the costs of the suit.

At the March term of the court, 1865, the minor heirs, defendants, appeared by their guardian, and moved to set aside this decree for the reason that they had appeared by attorney and not by guardian, and their motion being overruled, they appeal to this court.

There can be no question that this absolute deed and the bond or defeasance of the same date, taken together, constitute a mortgage. This is too well settled to require the citation of authorities.—Tibeau v. Tibeau, 22 Mo. 77; Wilson v. Drumrite, 21 Mo. 325. Being a mortgage, when the debt or obligation secured thereby had been satisfied the conveyance became void, and the title was revested in the plaintiff by operation of law. It did not require to be devested out of the defendant and vested in the plaintiff by a decree of court. No title or interest in the real estate descended to these minor heirs. The mortgage was personal estate, and went to the administrator. For all the purposes of this suit the personal representative was the only necessary party. The statute concerning mortgages recognizes the personal representative (meaning the executor or administrator) as a sufficient party, for all the purposes of that act, after the death of the mortgagor or the mortgagee—Riley v. McCord, 21 Mo. 285. There was no need of these minor heir parties defendant at all. The decree has no operative effect on them. The administrator had the possession of the property, and the decree requires him to restore it to the plaintiff, and pay

the balance ascertained to be due the plaintiff. It declares that the title shall be devested out of the defendants and vested in the plaintiffs; but, as no title was vested in them as heirs, they cannot be harmed by the decree. It is true that minors cannot appear by attorney: they must appear by curator, guardian, or next friend; and this would ordinarily be a sufficient ground for setting aside or recalling a judgment—Randalls v. Wilson, 24 Mo. 76. But the error here was immaterial. The right of these minors cannot be affected by the decree. If they have any rights in the premises, they can assert them hereafter, notwithstanding this decree. But in the decree as rendered we see no substantial error, and it will not be reversed on an empty formality.

Judgment affirmed. Judge Wagner concurs; Judge Lovelace absent.