FRANK McDOWELL, Appellant, v. FREDERICK MORATH,
Respondent.

### Kansas City Court of Appeals, January 6, 1896.

1. **Mortgages:** ABSOLUTE CONVEYANCE: DEFEASANCE. Where the loaner takes an absolute conveyance and gives back a collateral defeasance to the borrower, the relation between the parties is that of mortgagor and mortgagee.

2. ————: INSURANCE: DOUBLE INSURANCE. Mortgagor and mortgagee each have a separable insurable interest in the mortgaged premises and this is not double insurance which must be upon the same interest.

3. ————: ————: APPLICATION: ACTION. Where the mortgagee insures his own interest, the mortgagor is not entitled to have the sum paid on a loss applied in reducing the debt; but, if the insurance is effected under an arrangement with the mortgagor, the insurance money paid to the mortgagee will extinguish *pro tanto* the mortgage debt; and the mortgagor may maintain an action on the policy in the name of the mortgagee.

4. ————: ————: INTENTION: TRUST. On the evidence in this case the manifest purpose of a transaction whereby the plaintiff paid the premium on an insurance policy taken out in the name of the defendant and payable to him, was that of indemnity to the defendant and he was guilty of no breach of trust in adjusting and settling said policy at the amount of his interest in the mortgaged premises, as that was all he could collect under the terms of the policy.

*Appeal from the Lafayette Circuit Court.*—HON.
RICHARD FIELD, Judge.

AFFIRMED.

*Alexander Graves* for appellant.

(1) Morath held this property in trust for Mc-Dowell. *Casborne v. Scarfe*, 2 Leading Cases in Eq.

(White & Tudor), part 2, marg. p. 1039, top p. 1948; 2 Story's Eq. Jur. [12 Ed.], sec. 982, and cases cited. And this law of resulting trusts applies to personal property (the insurance money) as well as to real estate. 1 Perry on Trusts [2 Ed.], sec. 130; 1 Leading Cases in Eq. (White & Tudor), pt. 1, 320. · (2) McDowell had an insurable interest in said property. *Morrison's Adm'r v. Ins. Co.*, 18 Mo. 265; May on Ins. [3 Ed.], sec. 86, and cases cited. (3) The following authorities conclusively fix Morath's liability to McDowell for the difference between the $1,000 insurance and the debt of $386.80 due Morath, to wit, $613.20. *Ins. Co. v. Updegraff*, 21 Pa. St. 513; *Miltonberger v. Beacom*, 9 Pa. St. 198; *Kernochan v. Ins. Co.*, 17 N. Y. 433; May on Ins. [3 Ed.], sec. 456, and cases cited; *Id.*, sec. 457c. (4) And this responsibility follows in this case for the reason, as shown by the evidence, Morath adjusted and settled this loss without McDowell's consent at $386.80, instead of collecting the $1,000. The adjustment and settlement made by Morath, who held the legal title to the property and in whose name the policy was issued, was conclusive and binding, especially so as Morath accepted the $386.80 and surrendered the policy. But by law the $1,000 was due and collectable. *First.* The evidence beyond dispute showed the property worth between $1,200 and $1,400. *Second.* By section 5897, Revised Statutes, in force at the date of renewal (June 4, 1888), the full amount of $1,000 was due upon this policy upon destruction of the property insured. (5) From the foregoing it would seem clear that Morath, as McDowell's trustee, has been guilty of a breach of trust. 2 Story's Eq. Jur. [12 Ed.], sec. 1275. And for this breach he is liable at law as for a simple contract debt. *Id.*, secs. 1285, 1286.

*Wallace & Chiles* and *William Walker* for respondent.

(1) Courts can not modify contracts, nor relieve against cases of apparent hardship arising from accident or neglect, by compelling companies to do what they are not bound to do by the terms of their contract. *Fleish v. Ins. Co.*, 58 Mo. App. 596–604; *Noyes v. Ins. Co.*, 1 Mo. App. 584, at 591, 592; *Hauthorne v. Ins. Co.*, 5 Mo. App. 73; *Keim et al. v. Ins. Co.*, 42 Mo. 42, at 42, 43; *Barnes v. Ins. Co.*, 30 Mo. App. 539, at 550, 551; *Haggard v. Ins. Co.*, 53 Mo. App. 98, at 111, 112, and cases cited. *Noonan v. Ins. Co.*, 21 Mo. 81; *Leigh v. Ins. Co.*, 37 Mo. App. 542, at 546; *Sheehan v. Ins. Co.*, 53 Mo. App. 351. (2) Manifestly defendant Morath could not have recovered of the insurance company any more than the balance of his debt and interest due him as such mortgagee. *Wilson v. Dumsite*, 21 Mo. 325; *Brant v. Robertson*, 16 Mo. 129, at 143, 146; *Copeland v. Yoakum, Adm'r*, 38 Mo. 349; *Turner et al. v. Kerr et al.*, 44 Mo. 429; *Tibeau v. Tibeau*, 22 Mo. 77; *Hach v. Hill*, 106 Mo. 18, at 26; *Parks v. Ins. Co.*, 100 Mo. 373, at 381. (3) Suit could only be brought on the contract as contained in the policy. *Kum v. Ins. Co.*, 42 Mo. 42, at 42, 43, and cases cited; *Barnes v. Insurance Co.*, 30 Mo. App., *supra*, 550, 551; *Insurance Co. v. Wolff*, 95 U. S. R. 326, at 333; *Bernard v. Ins. Co.*, 27 Mo. App. 26; *Parks v. Ins. Co.*, 100 Mo. 373, at 381. To establish a trust, the evidence must be clear and unequivocal and should ordinarily be evidenced by writing. *Woodford v. Stephens et al.*, 41 Mo. 443, at 448; *Forrester v. Scovile*, 51 Mo. 268; *Morrill v. Riddle*, 82 Mo. 31, at 36; *Rogers v. Rogers*, 87 Mo. 257, at 260; *Adams v. Burns*, 96 Mo. 361; *Railroad v. McCarty*, 97 Mo. 222; *Taylor v. Schrader*, 107 Mo. 225, at 226. (4) And as such policy in terms only

insured his interest, and not the separate insurable interest of plaintiff McDowell, defendant Morath could not sue for and recover on such policy any greater sum than the balance of the debt and interest due him from McDowell, at the time of the loss by fire, namely, $386. 80. *Dick v. Ins. Co.*, 10 Mo. App. 376, and cases cited; *Carpenter v. Ins. Co.*, 16 Peters (U. S.), page 495, at 501, 502, 511, 512; 14 Curtis, U. S. Decs. to page 386. (5) The equity authorities cited by the appellant in point 1 of his brief, are totally inapplicable to the case at bar and therefore irrelevant. (6) This court will defer largely to the conclusions and findings of the court below. *Clark v. Bank*, 37 Mo. App. 277, at 287; *Anderson v. Griffith*, 86 Mo. 549, at 550, 551; *Mathias v. O'Neill*, 94 Mo. 520, at 530; *Rawlins v. Rawlins*, 102 Mo. 563, at 567; *Bune v. Schnecko*, 100 Mo. 250; and see 1 Greenleaf's Evidence [4 Ed.], sec. 200.

SMITH, P. J.—This is a suit in equity. The case presented by the record may be briefly stated in this way:

The plaintiff was the owner of a certain unimproved lot in the city of Lexington and being desirous of erecting certain buildings thereon, requested the defendant to loan him a sum of money sufficient to erect the same. The defendant having consented to make the loan so requested, the plaintiff thereupon, for the purpose of securing the same, conveyed said lot to defendant by a deed of general warranty. The defendant accordingly, from time to time, advanced to the plaintiff the sum of $905, which was applied by him to the construction of buildings on the said lot. Later on the defendant executed and delivered to the plaintiff a written agreement, in the nature of a defeasance to said warranty deed just mentioned, which, in effect, provided that

after plaintiff paid defendant the said money so advanced, with interest thereon, then the latter would reconvey said lot to the former by general warranty deed. The plaintiff, during the time the house was in process of construction, for the purpose of better securing the payment of the money so advanced to him by the defendant, applied for and procured a policy of insurance, in the sum of $1,000, to be issued and delivered to defendant, in the latter's name. Afterward, and at the expiration of said policy, the defendant caused the same to be renewed for a like sum in his own name. By the terms, conditions and limitations of said policy, the insurance company agreed to "indemnify and make good unto said assured (defendant) and his legal representative, all such immediate loss or damage, not exceeding in amount the sum or sums insured as above specified, nor the interest of the assured in the property herein described, as shall happen by fire to the property so specified." And "to be paid sixty days after the loss shall have been ascertained in accordance with the terms and conditions of this policy, and proof of the same satisfactory to the said company shall have been made by the assured."

It was further provided in said policy: "The assured under this policy sustaining loss or damage by fire shall forthwith give notice in writing of said loss to the company, and within thirty days thereafter render a particular account by separate items and proof thereof, signed and sworn to by the said assured, setting forth, among other things, the following, namely: A copy of the written portion of this policy and all indorsements thereon; the actual cash value of the subject described at the time immediately preceding the fire; the ownership of the property described, and the interest of the assured in same; the date of the loss and the amount thereof." "And the assured shall, if required, submit to an examination or examinations under oath,

by any person appointed by the company, either before or after furnishing the proof herein required, touching all questions relating to the claim," * * * "Until such proofs as above required are produced and permitted, the loss shall not be payable." * * * "The insurance under this policy is made subject to the foregoing conditions, limitations, and requirements, and in consideration thereof, as well as the premium paid."

The plaintiff repaid to the defendant the premium advanced by the latter on the renewal policy. A few months after the issue of such renewal policy, the plaintiff and defendant entered into a further written contract, which recited that there was then due defendant the sum of $561.50, and provided the time in which said sum should be payable. It also provided that the plaintiff should keep the buildings on said lot insured against loss by fire, for not less than $600; with the condition stated in the policy that loss, if any, be paid to defendant, "as his interest may appear under this agreement." It was therein further provided that after the plaintiff had paid said sum of $561.50, defendant should reconvey said property to plaintiff, and that all former articles of agreement between plaintiff and defendant relating to the said property be canceled.

The plaintiff made some further payments on the indebtedness to defendant, so that, at the time the fire occurred, which was September 15, 1891, there was only due the defendant the sum of $386.80. After the fire, the defendant endeavored to collect the full amount of the policy, but the insurance company, ascertaining the interest which the defendant had in the property, declined to pay any amount thereon in excess of such interest. The defendant, it seems, acted in perfect good faith in his endeavors to induce the insurance company to pay the whole amount named in the policy. He consulted several reputable lawyers as to the extent

of the liability of the insurance company to him under the policy, and being advised by them that no recovery could be had against the insurer in an action at law, beyond the value of his interest in the property, or, in other words, beyond the amount of the advancement then remaining due him, he suggested to plaintiff that if he would indemnify him against loss, he, defendant, might take the policy and sue on it in his, defendant's, name, but this the plaintiff declined to do. The plaintiff demanded that the defendant should not adjust the loss with the insurance company, except upon the condition that it pay the face of the policy. The defendant, acting upon the advice of his lawyers and against the express wishes of the plaintiff, made the requisite proof of loss, in conformity to the requirements of the policy, and adjusted and settled the same on the basis of the value of his interest in the property. After the receipt of this amount, the defendant reconveyed the property to the plaintiff, by a deed of general warranty. Upon substantially this state of facts the plaintiff brought this action, charging in his petition, that the acts of the defendant in the premises were such as to operate as a fraud upon his rights and were inequitable, unjust, etc., and praying judgment for $605 and for such other relief as in equity and good conscience he was entitled.

There was a hearing in the court below which resulted in a decree dismissing plaintiff's petition. The plaintiff has appealed.

The theory upon which the plaintiff bases his claim for equitable relief is that the defendant, being the trustee of an implied trust and accepting from the insurance company a less sum than that named in the policy, was thereby guilty of a breach of trust, for which he became liable to plaintiff for the difference between the amount so received and that of the policy.

If it be conceded that the defendant was a trustee, then of what breach of duty, if any; with respect to the trust property, do the facts which the evidence tends to prove show the defendant guilty? What fraud or negligence on the part of the defendant is disclosed, for which there is liability?

The transaction between the plaintiff and defendant, as previously stated, constituted a mortgage. The relation of the plaintiff and defendant was that of mortgagor and mortgagee. *Wilson v. Drumrite*, 21 Mo. 325; *Tibeau v. Tibeau*, 22 Mo. 77; *Copeland v. Yoakum*, 38 Mo. 350; *Brant v. Robinson*, 16 Mo. 129; *Hach v. Hill*, 106 Mo. 18; *Parks v. Insurance Company*, 100 Mo. 373. It is the well settled law that a mortgagee has a separate, insurable interest in the mortgaged premises, distinct from that of the mortgagor. *Dick v. Insurance Company*, 10 Mo. App. 276, 81 Mo. 103, and cases there cited. Where the mortgagor effects an insurance on the mortgaged property, he will, notwithstanding the mortgage, be entitled to recover the full amount of the loss, for the whole loss is his own and he remains personably liable to the mortgagee for the full amount of the debt secured by the mortgage. *Carpenter v. Insurance Company*, 16 Peters, 495. Thus it is a mortgagor may insure the mortgaged property, to the extent of its value, and the mortgagee may insure his interest therein to the extent of the value of such interest; and this is not double insurance, for in order to constitute double insurance, both policies must be upon the same insurable interests. *Dick v. Insurance Company, ante; Guest v. Insurance Company*, 66 Mich. 98; *Insurance Co. v. Tyler*, 16 Wend. 385; *Insurance Co. v. Stinson*, 103 U. S. 29. And this is upon the idea that policies of insurance against fire are not in the nature of incidents to the property insured, but that they are special agreements with the persons insuring them against

such a damage as they may sustain, and not insuring them against loss or damage which some other person having an interest in the property may sustain. *Carpenter v. Insurance Co., ante.*

When a mortgagee insures his own interest, without any agreement between him and the mortgagor therefor, and a loss accrues, the mortgagor is not entitled to have the sum paid upon such loss applied in reducing the mortgage debt, but the mortgagee is entitled to recover the whole amount due. *Dick v. Insurance Co., ante; Insurance Co. v. Woodbury,* 45 Me. 447; *White v. Brown,* 2 Cush. 413. If the mortgagee, under an arrangement with the mortgagor, insure the mortgaged property at the charge of the mortgagor, in such case, in the event of loss, the insurance money will be paid to the mortgagee, extinguishing *pro tanto* the debt of the mortgagor to the mortgagee. *Waring v. Loder,* 53 N. Y. 581; *Clinton v. Insurance Co.,* 45 N. Y. 467; *Kernochan v. Insurance Co.,* 17 N. Y. 428; *Holbrook v. Insurance Co.,* 1 Custis, 193. In such case, the mortgagor may maintain an action on the policy and to this end is entitled to sue in the name of the mortgagee. *Insurance Co. v. Boomer,* 52 Ill. 142.

I think it sufficiently appears from the evidence that the manifest purpose of the plaintiff in effecting the insurance on the mortgaged property, was that of indemnity. The mortgaged lot was of small value—not exceeding $40 or $50—and was no sufficient security for the amount of money advanced. After the plaintiff had reduced the debt to $561.50, the second contract was entered into, wherein it was stipulated that the plaintiff should keep the property, so mortgaged, insured against loss by fire, for not less than $600, with a condition in the policy that the loss, if any, be paid to defendant. This tends to prove the general purpose

in effecting the insurance was to provide further security for the defendant's debt, beyond the lot which had been conveyed to him.

The policy was procured by the plaintiff and was issued in conformity to his application. It was issued in the name of the defendant, and by a clause therein, already quoted, it was expressly provided that the insurer agreed to indemnify and make good to defendant his loss, *not exceeding his interest in the property*, happening by fire. And in another paragraph of the policy, also hereinbefore quoted, it was provided that, in case of loss, the defendant, within thirty days thereafter, should render a particular account, by separate items and proof thereof, signed and sworn to by him, setting forth, amongst other things, the ownership of the property and the *interest of the defendant in the same;* and until the proofs so required were produced, the loss should not be payable, etc. It is thus seen that, under the limitations and conditions of the policy, the defendant was entitled to indemnity only to the extent of the value of his interest in the property. This limitation was fixed by the terms of the contract of insurance. The defendant, in his sworn proof of loss, was obliged to disclose his interest in the property destroyed. It seems to me that the policy of insurance provided the indemnity which it was the intention of the plaintiff and defendant that the latter should have. The circumstance that the plaintiff paid the premium required to effect the insurance, can not have the effect to alter the terms, conditions, and limitations contained in the contract of insurance. If the plaintiff had, as he might have done, effected an insurance on the property independent of that taken out for the indemnification of defendant, he would then, according to the principles announced by the authorities heretofore referred to, have been entitled to recover the full

amount of his loss, but having elected to effect only the policy affording indemnity to defendant, he must abide the consequences, however disastrous they may be to him.   As neither the plaintiff nor the defendant could have recovered on the policy of insurance more than the value of the interest of the defendant in the property destroyed, I am unable to perceive wherein the defendant has been guilty of either negligence, or fraud, or other breach of his trust, if he occupied the position of trustee in respect to the property covered by the policy of insurance, in adjusting and settling the loss under the policy, on the basis of the value of his interest in the property, or, which is the same thing, by accepting the amount sufficient to extinguish his mortgage on the property insured.   When, in addition to this, defendant reconveyed the property to plaintiff, by a deed of general warranty (which it is not disputed he did) it seems to me that in no capacity did he owe plaintiff any further duty.

An examination of the evidence does not satisfy my mind that the defendant, in the discharge of the duties imposed on him, in his capacity as mortgagee or trustee, was guilty of any negligence, fraud, or other misbehavior which would justify a disturbance of the finding and decree of the court below.   I have, with much care, looked at the several cases cited by plaintiff and upon which much reliance is placed by him for a reversal of the adverse finding and decree, but I have been unable to discover that the essential facts in any of them are sufficiently analogous to those in this case to make applicable here the principles upon which they were decided.

Upon a review of the whole evidence, it is my conclusion that the decree is for the right party and, therefore, with the concurrence of the other judges, it is accordingly ordered to be affirmed.