GOLD LUMBER COMPANY ET AL., RESPONDENTS, v. RUSSELL W. BAKER ET AL., APPELLANTS.—36 S. W. (2d) 130.

Kansas City Court of Appeals. January 5, 1931.

*H. T. Williams* for respondents.

*H. K. Bente* for appellants.

CAMPBELL, C.—This is an equitable action by the Gold Lumber Company in its own behalf and as assignee of other lien claimants for the adjudication and determination of all liens and interests affecting certain lots and the dwelling house thereon in the city of Sedalia under the provisions of Section 7240 et seq., Revised Statutes 1919.

The petition is not assailed and the amount sued for is not contested.

The defendant Slane answered, so far as is necessary to state, that on February 19, 1926, Russell W. Baker and wife purchased the property and that he, on that day, loaned to them the sum of $1200, evidenced by two notes payable to him of $600 each, the payment thereof secured by a deed of trust on the property; that one of said notes was, on that day, sold to defendant, Joseph Hirtl, and the other to B. S. Tavener; that thereafter the dwelling house situate on the lots was partially destroyed by fire; that the Bakers collected $875 insurance on the building and deposited that sum with him, with the understanding that he was to advance to them out of the $875 sums to pay for repairs of the damaged building, which repairs the Bakers agreed to make; that he never authorized the Bakers to make any change from the plans of the original house nor consented that any improvements be made upon the premises save and except

that of repairing the partially destroyed building; that in the month of May he learned the Bakers were not keeping their agreement but were making arrangements for more elaborate improvements, and that the Bakers then informed him that they were preparing to negotiate a loan in the sum of $2700 for the purpose of paying the debt to him and to pay for the reconstruction of the house; that a deed of trust was executed by the Bakers to a loan company for the purpose of obtaining the $2700; that the deed was duly recorded; that plaintiff and defendant Sellers filed with the loan company a statement of their respective accounts and requested payment thereof from the proceeds of the loan, and that they thereby waived their rights to claim a lien superior to the lien of his deed of trust. Joseph Hirtl filed a similar answer.

Reply was filed to each of said answers alleging, among other things, that after the fire Slane collected insurance in the sum of $875 for the use and benefit of the holders of the two $600 notes and that the sum so collected was a payment on the notes.

Defendants Jessie A. Williams, C. C. Williams and H. T. Williams answered that they claimed an interest in the property by virtue of a deed of trust securing a note in the sum of $135, which deed was recorded in the office of the recorder of deeds for said county on the 23rd day of February, 1926, and prayed the court to determine and adjudicate their right and interest in said property.

Defendant Sellers answered that the Bakers were indebted to him in the sum of $240 for work, labor and material furnished to them by him in the construction of the dwelling house on the lots, for which amount he prayed judgment and for the enforcement of the lien and that the interest of the parties be adjudged and determined.

Upon hearing the court found that prior to the 19th day of February, 1926, the defendant, Jessie A. Williams, owned the lots and on that day conveyed them to the Bakers and on that day the Bakers executed the two $600 notes and secured the payment thereof by deed of trust upon the lots; that Bakers also executed a note in the sum of $135 to Jessie A. Williams and secured the payment of the same by a deed of trust on the lots; that at that time there was an old house on the lots which was, nine days later, totally destroyed by fire; that no attempt was made to rebuild on the old site but that a new modern house was erected on the lots on a different spot from the one on which the old house stood; that no salvage of any consequence was obtained from the old house; that there was no question as to the correctness of the claims of the plaintiff or of the defendant Sellers for labor and material; that insurance on the old house had been taken out for the benefit of the defendant Slane as mortgagee; that after the fire he collected the sum of $875 insurance which applied as a payment on the $1200 deed of trust debt; that

at the time of the fire Slane also had in his hands the sum of $295, being a part of the $1200 loan, and which he had not paid to the Bakers, which sum further reduced the said deed of trust debt so that only $30 of that debt remained unpaid; that the deed of trust debt in the sum of $135 is subservient to the first deed of trust; that the value of the new house is $3,000 and the value of the two lots $600, and upon such finding adjudged that the liens of plaintiff and defendant Sellers were paramount liens upon the new dwelling house; that the unpaid portion of the $1200 deed of trust debt is $30 and a first lien upon the lots and that the lien of the deed of trust for $135 in favor of Jessie A. Williams is likewise subject to said lien on the house but is a second lien on the lots. Upon this finding judgment was entered that the house and lots be sold together and that the proceeds of the sale, after the payment of costs, be distributed five-sixths to the plaintiff and defendant Sellers *pro-rata*, and that from the one-sixth thereof shall be paid the $30 and interest at 6% per annum from February 19, 1926, remaining unpaid on the $1200 deed of trust debt, and that the remainder of the said one-sixth be paid to defendant, Jessie A. Williams, in the sum of $125 and interest at 6% from February 19, 1926. Disposition of a possible surplus is not adjudicated.

The defendants Slane and Hirtl, only, appealed. The appeal was allowed to the Supreme Court, presumably upon the theory that a constitutional question was involved. The Supreme Court transferred the cause to this court.

The findings of fact by the chancellor are supported by the greater weight of the evidence. The finding that the insurance in the sum of $875 was received by Slane and applied as a payment on the $1200 deed of trust debt is assailed. If the insurance was so received the debt evidenced by the notes was thereby reduced. [McDowell v. Mborath, 64 Mo. App. 290.] The evidence to support the court's finding on that subject is that the draft in payment of the insurance was made payable to the Bakers and Slane, endorsed by the Bakers and delivered to and collected by Slane, he being the one for whose benefit the insurance was obtained. Plaintiff offered no evidence as to the terms upon which Slane received the money other than as just stated.

Slane testified the insurance money was left with him as a deposit to be returned to the Bakers for the purpose of paying the expense of repairs on the old house; that from time to time thereafter Baker reported that repairs were progressing; that money was needed to pay therefor, and thereupon he returned various sums to Baker, the aggregate of which left only a small balance in his hands. Neither of the Bakers testified. It is not shown that any of the lien claimants were parties to or knew of any such arrangements or that they received any of the money which Slane claims he returned to the Bakers. In determining the bona fides of Slane's contention in this

respect, it must be borne in mind that he claims that he received the insurance money and retained the $295 for the purpose of paying the expense of repairs on the old house which he claims was damaged, not totally destroyed. There was, in fact, no old house to repair or rebuild and Slane knew it; a fact which probably influenced the court in its finding on this question.

Deferring as we should to the findings of fact of the chancellor, we cannot in the circumstances, say the finding on the particular question now under consideration was not warranted.

The court correctly held the lien of the claimants to be superior to the lien of the deeds of trust upon the new house and that the deeds of trust, they being of record before material was furnished or work done, were liens upon the lots superior to the liens of the claimants; but we cannot approve that part of the judgment of the court wherein it is ordered that the house and lots be sold together and the proceeds divided as hereinbefore stated.

It is claimed by respondent that the judgment ordering a sale of the lots and house together and the distribution of the proceeds is authorized by section 7240, et seq., Revised Statutes 1919. Before said sections were enacted (Acts 1911, pages 314, 315) lien claimants in the same situation as the plaintiff and the defendant Sellers had the right to enforce their liens against and sell the house and upon sale to remove the same from the lots and to sell the equity of redemption in the lots, but did not have the right to a decree foreclosing the deeds of trust and apportioning the proceeds, such as was ordered in this case. Therefore, the order of sale and distribution is not authorized unless authority therefor is found in said sections. Prior to this amendment mechanics' lien suits generally were legal actions. Since then, if there is more than one mechanics' lien the proceedings is in equity.

The new law and the old law stand *in pari materia* and will be construed together.

Section 7240 provides that all liens may be adjudicated and determined and the "rights of all parties interested in the same and in the property and any of the property against which the same is claimed may be adjudicated, determined and enforced in one action." "Such action shall be an equitable action for the purpose of determining the various rights, interests and liens of the various mechanics' lien claimants and claimants of other liens and owners of any interest in or leasehold upon said property and for enforcing the rights of any and all such persons in, to or against the property, being the lands and buildings and either of the same and for sale of such property, land and buildings or either of the same and for marshalling and distribution of the proceeds thereof among the parties according to their respective legal and equitable rights therein."

Section 7241 provides that "all persons claiming any lien or incumbrance upon, and all persons having any rights in or against and all owners and lessees of said property to be affected and any of it, all as may be disclosed by the proper public records, shall be made parties to said action."

Section 7244 provides that upon sale and execution of deed for the property sold, the court may order delivery of possession of the premises sold to the purchaser at such sale and enforce such order by proper writ.

These sections do not, by their terms, affect substantive rights but relate entirely to procedure, prescribe the manner and method for the speedy determination in one action of the priority of all liens and other interests in property which is the subject of liens. Upon the record before us, the notes, the payment of which was secured by the deeds of trust, were not due at the time of the institution of this suit. The effect of the decree is to cause a premature and compulsory foreclosure of said deeds of trust. The owner of the notes did not then possess the right of foreclosure, and a law that would sanction the action of the court in bringing about a premature and compulsory foreclosure of said deeds of trust would have to be at least very clear in its terms and leave no reasonable basis for any other construction.

Section 7219, Revised Statutes 1919, having been in the lien laws of Missouri for many years, was brought unchanged into the Revision of 1919 along with the new laws enacted in 1911. Under the provisions of said section 7219, plaintiff and the defendant Sellers had the right to enforce their liens against and sell the new house, and upon sale the purchaser could remove the same from the lots. Section 7244 is in harmony with that section and contains the additional provision that the court in which the sale is made may, as a part of the proceedings, order the delivery of possession of the property sold.

The claimants contracted with the Bakers without the participation of the owners of the notes secured by the deeds of trust, and therefore acquired no greater right in the lots than the Bakers had. That right is, that they may enforce their liens against the new house and the equity of redemption in the lots, but they do not have the right to compel, directly or indirectly, a foreclosure of the deeds of trust.

The finding as to the amount and the priority of the various liens, including the amount remaining unpaid of the debts secured by the deeds of trust, is within the proper province of the chancellor, being authorized by the aforesaid sections, but the chancellor is not warranted to order the house and lots sold and the proceeds of sale apportioned, part to the said claimants, and part to the owners of the said secured debts.

The plea of estoppel is not supported by the evidence and is ruled against appellant. The appellants claim that the old house was damaged, not totally destroyed, is, upon the facts herein stated, held to be without merit.

It is asserted by respondent that defendant Hirtl has sold to defendant Slane the note which he at one time owned, and we are asked to dismiss Hirtl's appeal. If such transfer had been made, Hirtl would have no further interest in the action. The chancellor may ascertain the fact in that respect.

The judgment is reversed and the cause remanded, to be proceeded with as herein indicated. The Commissioner so recommends. *Boyer, C.,* concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded, to be proceeded with as herein indicated. All concur, except *Trimble, P. J.,* absent.