JOHN WARING, Appellant, *v.* WILLIAM A. LODER, Respondent, et al.

The assignee of a judgment takes it subject to the equities of the judgment debtor, and if it could not be enforced by the judgment creditor at the time of the assignment, the assignee holds it subject to the same disability.

A mortgagor whose bond or obligation to pay the mortgage debt accompanies the mortgage has, after a sale of the mortgaged premises, an interest in the preservation of the property, in order that his debt may be paid out of it, which interest is insurable.

Defendant L. executed a mortgage containing a clause authorizing the mortgagee, in case of failure upon his part to keep the buildings upon the premises insured, to insure the same as further security, and in such case making the premiums paid a part of the sum secured by the mortgage. The mortgagee under this clause effected an insurance, charging the premiums to defendant; defendant sold and conveyed the premises. Plaintiff, as assignee of the mortgage, commenced foreclosure, claiming as portion of the amount due the premiums paid. Before judgment the buildings were burned. Upon sale a deficiency arose, and judgment for the amount thereof was entered against the defendant. The underwriter paid the deficiency upon assignment of the judgment, refusing to pay without such assignment. Upon appeal from an order directing the canceling of the judgment for the deficiency,—*Held*, that the authority given in the mortgage was to effect an insurance for the benefit of both parties; that an implied obligation arose therefrom that the insurance money when paid to the mortgagee should apply upon the mortgage debt; that the receipt of the amount of the deficiency from the underwriter was a payment of the debt and extinguished the judgment, and that the latter took nothing by the assignment.

Also, *held*, that the agreement of the plaintiff and the underwriter could not qualify the effect of the receipt of the insurance money, as between plaintiff and defendant.

(Argued October 7, 1873; decided November 11, 1873.)

APPEAL from order of the General Term of the Supreme Court in the fourth judicial department, affirming an order of Special Term directing that a judgment for a deficiency, docketed in this action against the defendant Loder, be satisfied and discharged of record.

This was an action to foreclose a mortgage. On the 6th of July, 1871, the defendant, William A. Loder, executed the bond and mortgage described in the complaint to Julius F. Miner, to secure the payment of $1,500.

The mortgage contained an insurance clause as follows:

"And the said William A. Loder does further covenant, for himself, his heirs and assigns, that he will during all the time, until the said money secured by these presents is paid, keep the building erected on the said lot of land insured, in and by some incorporated company of good standing, against loss or damage by fire, in at least the sum of $1,000, and will assign the policy or policies of said insurance to the said party of the second part, or his legal representatives, so and in such a manner and form that he shall at all times, until the full payment of the said moneys, have and hold the said policy or policies as a collateral, and further security for the payment thereof; and, in default of so doing, that the said party of the second part, or his legal representatives, may make such insurance, from year to year, in a sum not exceeding $1,000, for the purpose aforesaid, and pay the premium or premiums therefor, which premium or premiums thus paid, and the interest thereon from the time of payment, the said William A. Loder covenants as aforesaid to pay to the said party of the second part, or his legal representatives, on demand, and that the same shall be deemed to be secured by these presents, and shall be collectable thereupon and thereby in like manner as the said moneys mentioned in the said bond or obligation."

Loder failing to keep the buildings insured, Miner effected an insurance in the Lycoming Fire Insurance Company for $1,000, payable to him as mortgagee. Loder sold and conveyed the premises; Miner assigned the bond and mortgage, with policy of insurance, to plaintiff. After the commencement of this action, and on the 3d March, 1872, the buildings upon the premises were destroyed by fire. Judgment of foreclosure was entered April 23d, 1872. The premises were sold under the judgment July 16, 1872, leaving a deficiency of $843.18,

for which sum judgment was entered against defendant Loder. The Lycoming Fire Insurance Company declined to pay the loss without an assignment to them of the judgment. Upon such assignment it paid the amount of the deficiency, and the policy was canceled. The company caused execution to be issued, whereupon this motion was made to set aside the same and cancel the judgment.

*Rowley & Johnston* for the appellant. Defendant had no insurable interest in the property after the sale. (*McLaren* v. *Hartf. F. Ins. Co.*, 1 Seld., 151, and cases cited; *Gates* v. *Smith*, 4 Edw. Ch., 702; *McGivney* v. *Phœnix Ins. Co.*, 1 Wend., 85; *Ætna F. Ins. Co.* v. *Tyler*, 16 id., 385; *Niblo* v. *N. A. Ins. Co.*, 1 Sand., 551; *Traders' Ins. Co.* v. *Robert*, 9 Wend., 404.) Policies of insurance do not pass to an assignee or purchaser of the property insured without the consent of the underwriters. (*Lynch* v. *Dayrell*, 3 Bro. P. C., 497; *Sadlers' Co.* v. *Babcock*, 2 Atk., 554.) The underwriters had a right to be subrogated in place of the assured. (*Gracie* v. *N. Y. Ins. Co.*, 8 J. R., 246; *Goodsell* v. *Bolders*, 9 East, 72; 2 Condy's Marshall on Ins., 794; *At. Ins. Co.* v. *Starrow*, 5 Paige, 285; 2 Phil. on Ins., 282; Phil. on F. Ins., §§ 1511, 1512; *Mer. Mut. Ins. Co.* v. *Calebs*, 20 N. Y., 173; Flanders on F. Ins., § 10, pp. 360, 361; *Smith* v. *Ins. Co.*, 5 Harr. Pa., 253; *Holbrook* v. *Am. Ins. Co.*, 1 Curtis C. C. R., 197; *Sucena* v. *Crawford*, 2 Bos. & Pul., 325; *Caruthers* v. *Sheldon*, 6 Taunt., 17; *Carpenter* v. *Prov. Ins. Co.*, 16 Peters, 495; *Ins. Co.* v. *Woodruff*, 2 Dutch. N. J., 541; *Rex* v. *Ins. Co.*, 2 Phila. R., 357.) An assignment of a debt secured by mortgage carries the mortgage as an incident. (*Johnson* v. *Hart*, 3 J. Cas., 329; *Jackson* v. *Blodgett*, 5 Cow., 202.) The mortgage cannot exist separately from the bond or debt. (*Merritt* v. *Bartholick*, 36 N. Y., 44; *Stoddard* v. *Hart*, 23 id., 556.)

*John Van Voorhis* for the respondent. The insurance is of the property, and not of the debt, and the payment of the insu-

rance money to Waring extinguished the debt. (*Kernochan* v. *N. Y. B. F. Ins. Co.*, 17 N. Y., 428; *Cromwell* v. *Brooklyn F. Ins. Co.*, 44; id., 42; *Suf. F. Ins. Co.* v. *Boyden*, 9 Al., 123; *Brantford* v. *Green Ins. Co.*, 8 Abb., 264; 17 N. Y., 415; 7 Cush., 11; *Lawrence* v. *St. Mark's F. Ins. Co.*, 43 Barb., 479; *Shotwell* v. *Jeff. Ins. Co.*, 5 Bosw., 262.)

ANDREWS, J. The Lycoming Insurance Company, in respect to the right to enforce the judgment against the defendant Loder for the deficiency on the foreclosure sale, stands in the place of Waring, their assignor.

The assignee of a judgment takes it subject to the equities of the judgment debtor, and if the judgment could not have been enforced by Waring at the time of the assignment, the company hold it subject to the same disability. (*Douglass* v. *White*, 3 Barb. Ch., 621.)

The insurance in the Lycoming Insurance Company was effected by Minor, the mortgagee, under the authority contained in the mortgage. · This is conclusively established, as against the plaintiff, by the record in the foreclosure suit. The complaint alleges that the premium paid is a part of the indebtedness secured by the mortgage. It was included in the amount reported by the referee to be due, and the judgment for the deficiency is increased by the amount of the cost of the insurance. The import of the transaction is, that the insurance was additional collateral security for the mortgage debt, furnished by the mortgagor at his expense, and procured by the mortgagee, acting as his agent and by his authority. The general rule, that the proceeds of collateral securities in the hands of the creditor are to be applied, when received by him, in the reduction of the debt (SHAW, J., in *King* v. *The State Mutual Ins. Co.*, 7 Cush., 1), would require that the insurance money, when collected by the plaintiff, should be applied upon the judgment, and, if sufficient to pay it, should extinguish it. Nor do we see any ground for taking this case out of the operation of the rule. The mortgagee, it is true, owed no duty to the mortgagor

to insure the property, and he could, in the absence of any agreement with the mortgagor, have insured the debt simply, so that the mortgagor in case of loss could have claimed no benefit from the insurance. But the mortgagor had an insurable interest. When the mortgage was given he had the legal title to the land on which the insured building stood. When he sold the land, he had still an interest in the preservation of the property, in order that his debt might be paid out of it, the land as between him and his grantee being primarily charged with its payment. And this was, we think, an insurable interest within the cases. (*Crawford* v. *Hunter*, 2 B. & P. [N. R.], 269 ; *Herkimer* v. *Rice*, 27 N. Y., 163.)

The authority given in the mortgage was an authority to the mortgagee to procure an insurance for the benefit of both parties. This is its fair interpretation. It was immaterial to the mortgagor whether the insurance was in his name or in the name of the mortgagee, if the avails of it in case of loss should apply in reduction of the debt. The mortgagee had no interest to procure an insurance limited to his own protection merely where the expense was to be paid by the other party and was secured on the land. It has been held in several cases that insurance procured by a mortgagee upon the request or at the expense of the mortgagor is held by the mortgagee for the protection of both interests, and the implied obligation arising is that the insurance money when paid to the former shall apply upon the mortgage debt. (*Holbrook* v. *American Ins. Co.*, 1 Curtis, 193 ; PRATT, J., in *Buffalo Steam Engine Works* v. *Sun Mut. Ins. Co.*, 17 N. Y., 406 ; *Clinton* v. *Hope Ins. Co.*, 45 id., 467.)

The loss by fire occurred intermediate the commencement of the foreclosure and the rendition of the judgment. The plaintiff received from the underwriter, after the judgment was entered, an amount sufficient to pay it, and upon the receipt the law giving effect to the contract between the mortgagor and mortgagee applied it in payment of the debt. The plaintiff then had no further claim under the judg-

ment. It was extinguished, and he had nothing to assign to the underwriter.

It is immaterial, so far as the plaintiff's rights are concerned, that the assignment of the judgment was made a condition of the payment, by the company, of the loss on the policy. The company and the plaintiff could not by their agreement qualify the effect of the receipt by the mortgagee of the insurance money, as between the plaintiff and defendant.

It becomes unnecessary to consider whether the underwriter was by the form of the contract of insurance entitled to be subrogated (in the absence of any agreement between the mortgagor and mortgagee) to the mortgage security and to the claim against the mortgagor, or whether the company could have defended an action to recover for the loss, on the ground that the right of subrogation had been defeated by the act of the assured. (*Kernochan* v. *New York Bowery Fire Ins. Co.*, 17 N. Y., 428.) Those questions are between other parties.

The plaintiff received the insurance money, and the defendant by this contract with the mortgagee is entitled to have it applied upon the judgment.

The order should be affirmed, with costs.

All concur.

Order affirmed.