# Cases

# THIRD DEPARTMENT,

AT

# GENERAL TERM,

## September, 1877.

---

## THE ULSTER COUNTY SAVINGS INSTITUTION, PLAINTIFF, v. JOHN T. DECKER AND OTHERS, DEFENDANTS.

*Insurance — collateral to mortgage — when company entitled to subrogation.*

The plaintiff held as collateral security to a mortgage a policy of insurance for $3,000, issued by the Home Insurance Company, on the mortgaged property, payable to it, in case of loss, to the extent of its mortgage interest. By the terms of the mortgage the mortgagor was to keep up the insurance, and on his default the mortgagee was authorized so to do. The mortgagor having failed to pay the premium the mortgagee subsequently paid the same and thereafterwards foreclosed the mortgage and recovered a judgment for the debt and the premium, which it had paid.

On April 1, 1874, the property burned, and on the 30th of July, 1874, and before the sale under the decree of foreclosure, the plaintiff, in consideration of the payment of the policy, assigned its decree for foreclosure to the Home Insurance Company to the extent of $3,000, subject to the balance due to the plaintiff which was to be first paid; the assignment being made in pursuance of an agreement by which the Home Insurance Company agreed with plaintiff to keep good all policies which might be held by the plaintiff as mortgagee, although they had become invalid as to the interests of the mortgagor. In this application for the surplus moneys arising from the sale of the real estate, *held*,

That the insurance was contracted for the benefit of the owner of the property, and that the company was not entitled to be subrogated to the rights of the mortgagee.

That the fact that the company had, by a contract with the mortgagee, waived a defense available against the mortgagor, did not affect the right of the insured to have any payment made in case of loss applied in payment of the mortgage.

APPEAL from an order directing the distribution of the surplus moneys, arising from the sale of certain mortgaged premises under a decree of foreclosure.

This action was brought to foreclose a mortgage executed by John T. Decker and wife to the plaintiff to secure the sum of $3,000, with interest thereon from April 1, 1872. The mortgage contained the usual clause requiring the mortgagor to keep the property insured and the policy assigned to the mortgagee to protect his claim. In pursuance of this provision the Home Insurance Company issued a policy for $3,000 thereon, payable to the plaintiff to the extent of its mortgage interest. In pursuance of the terms of the mortgage the plaintiff, upon default of the mortgagor, procured the insurance to be renewed and subsequently foreclosed the mortgage and recovered a judgment for the amount due, together with the premium which it had been compelled to pay. Subsequently, and April 1, 1874, the premises were destroyed by fire. On the 30th of July, 1874, and before the premises were sold under the decree in foreclosure, the plaintiff assigned to the company $3,000 of its judgment of foreclosure, subject to the prior payment of the balance still due to it. The premises sold for $3,000. The referee paid therefrom the balance due plaintiff under said decree and the expenses of the sale, and had left in his hands $1,800. This application by the company for the payment of the $3,000 out of the surplus money was contested and decided in favor of the subsequent lienors as against the Home Insurance Company.

*Charles A. Fowler*, for the Home Insurance Company, appellant.

*S. L. Magoun*, for W. C. Herrick, respondent.

*H. Chipp, Jr.*, for H. Osterhoudt, respondent.

*Bernard & Fiero*, for J. L. Hasbrouck, respondent.

BOARDMAN, J. :

The policy of the Home Insurance Company was in the ordinary form of an insurance upon property, issued in the name of the owner of the equity of redemption, but payable, in case of loss, to

the plaintiff to the extent of its mortgage interest therein, the balance to such owner. The plaintiff held a mortgage for $3,000 upon such property. By the terms of the mortgage the mortgagor agreed to keep the buildings insured for $3,000, and assign the policy to the plaintiff. In case of failure to do so the plaintiff was authorized to effect such insurance, and the premium paid by it became a lien on the premises. The insurance was, therefore, a collateral security for plaintiff's mortgage. Such insurance was not kept up by the mortgagor or his grantee, and plaintiff effected the insurance as provided for by the mortgage, paying the premium. Upon a subsequent foreclosure of the mortgage this premium was included as a part of the debt secured, and a decree obtained against the mortgagor and owner of the equity of redemption for such premium and debt. The property was burned April 1, 1874. On the 30th July, 1874, the plaintiff assigned its decree for a foreclosure and sale, under the mortgage, to the Home Insurance Company, to the extent of $3,000 thereof, but subject and junior to the balance due plaintiff under such decree, to be first paid. This assignment was made in pursuance of a contract, March 27, 1869, between plaintiff and the Home Insurance Company, whereby the insurance company agreed that all policies issued by it which might be assigned to or held by the plaintiff as mortgagee, shall be binding, and the interest of the said plaintiff shall be absolutely insured so as to save plaintiff from loss. The contract also provides for an assignment of the bond and mortgage to the insurance company in case of loss (if the policy has become invalid as to the interest of the mortgagor) upon full payment to plaintiff of its claim.

We are called upon to determine the effect of such a contract and the action of the parties thereto. In the absence of that contract the insurance was solely for the benefit of the owner of the property. (*Excelsior Fire Ins. Co.* v. *Royal Ins. Co.*, 55 N. Y., 343; *Clinton* v. *Hope Ins. Co.*, 45 id., 467.) Can that contract convert a policy, issued for the benefit of the owner, into an insurance of plaintiff's interest as mortgagee? Can the insurance company, by virtue of such contract with plaintiff, and assignment, acquire a greater interest against the owner of the equity of redemption than the plaintiff had? I think it evident that the plaintiff could not receive the $3,000 of the insurance company and still

claim the whole amount of its mortgage, without allowance for such payment. It was not plaintiff's interest as mortgagee that was insured, but the property mortgaged, and for the benefit of the mortgagor or his assigns. He or they paid the premiums, either in person or by the plaintiff, as their agent. Such premium is charged to the insured by the terms of the policy, and is included in the judgment recovered. If the position of the insurance company is correct it will recover back the $3,000 paid, and would also recover again the premiums paid upon the policy, provided the property mortgaged is worth enough, but for the limitations in the assignment.

But this was not an insurance of plaintiff's interest as mortgagee. It was an insurance of the property of the owner of the equity of redemption, for the benefit of the mortgagee. The plaintiff and the insurance company could not qualify the effect of the receipt of the insurance money or modify the contract of insurance. If the insurance company saw fit, with or without consideration, to indemnify the plaintiff against the loss of its debt, that would not affect the right of the insured to have the insurance money, when paid, applied towards the satisfaction of the debt. That was the contract. (*Waring* v. *Loder*, 53 N. Y., 581.) In this case ANDREWS, J., says (p. 585): "The plaintiff received from the underwriter, after the judgment was entered, an amount sufficient to pay it, and upon the receipt, the law giving effect to the contract between the mortgagor and mortgagee, applied it in payment of the debt." In their essential facts the two cases are alike, and the language quoted is applicable to each. (See, also, *Graves* v. *Hampden Fire Ins. Co.*, 10 Allen, 281; *Cone* v. *Niagara Fire Ins. Co.*, 60 N. Y., 619; *Kernochan* v. *Bowery Ins. Co.*, 17 id., 428.)

In *Excelsior Fire Insurance Company* v. *Royal Insurance Company* (55 N. Y., 343) the insurance was of the mortgagee's interest in the premises, and the mortgagor was not a party to the contract, and had no rights under it. The case of *Foster* v. *Van Reed* (5 Hun, 321) was like the last case cited, an insurance of the mortgagee's interest and not of the mortgagor's interest. It is, doubtless, for this reason, that case was reversed in the Court of Appeals in May last.

Nor is it deemed of any importance that the company might have

defended successfully its liability to the mortgagor or his grantees. Quoting again from Judge ANDREWS' opinion in *Waring* v. *Loder* (*ante*): "The company and the plaintiff could not, by their contract, qualify the effect of the receipt by the mortgagee of the insurance money, as between the plaintiffs and defendant."

In the case of *The Springfield, etc., Insurance Company* v. *Allen* (43 N. Y., 389) the right of the insurer to be subrogated was a part of the contract of insurance, and hence bound the party insured.

I conclude, therefore, that this was an insurance of the property and interests of the mortgagor as collateral security for the payment of his mortgage; that the insurance company could and did waive defenses that might have been available against the insured, without his knowledge or consent, by a contract with the mortgagee; that such contract did not invalidate the contract of insurance between the company and the insured, whereby any payment made by the company, in case of loss, was to be applied in payment of the mortgage. Hence, I conclude the Home Insurance Company was not entitled to be subrogated to the rights of the mortgagee upon payment of the $3,000, and is not entitled to any portion of the surplus arising on the sale under the foreclosure of the mortgage.

The order is, therefore, affirmed, with ten dollars costs and expenses of printing.

BOCKES, J., concurred; LEARNED, P. J., taking no part.

Order affirmed, with ten dollars costs and printing.