GEORGE HARVEY, RESPONDENT, v. ALEXANDER CHERRY AND JOHN H. WHITE, APPELLANTS.

*Insurance policy — party to whom loss is payable may sue on.*

A having an equitable interest in certain buildings, procured an insurance policy thereon made in form to the holder of the legal title to the premises, but payable in case of loss to A as his interest might appear. *Held*, that A might bring an action in his own name thereon.

Where one of several persons interested in property, held by a trustee for such person and others, at his own expense procures an insurance thereon to protect his individual interests, his associates in case of loss are not entitled to claim any share or interest therein.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee. The referee found, among other things, that prior to March 2, 1872, one Charles R. Brown was the owner of certain real estate in Saratoga Springs. Brown executed a mortgage thereon to trustees named therein, for the sum of $200,000 to secure bonds sold and to be sold not exceeding that sum. The plaintiff had furnished material and performed work, labor and services in the erection of a hotel on said premises to the amount of $15,000, and had duly filed a mechanic's lien thereon. At the time

of filing said lien not more than $44,000 of said bonds had been issued. March 2, 1872, the plaintiff procured a judgment, foreclosing said mechanic's lien. About that date the plaintiff procured the hotel erected on said premises to be insured to the amount of $15,000 to secure his interest therein. Before making said mortgage for $200,000 one Henry A. Clarke held a mortgage on said premises, which was a prior lien thereto. Said Clarke foreclosed his said mortgage, making all subsequent incumbrancers parties.

Before the sale upon said foreclosure plaintiff and sundry of the holders of bonds, the defendant, Alexander Cherry, being one, entered into a combination or agreement, by which Cherry was to bid off the premises on the foreclosure sale in trust for the benefit of said associates, and to manage said property for the benefit of said associates. It was agreed between said associates that the plaintiff's interest in said purchase should be such part thereof, as $15,000 bore to the whole amount of interests represented in said combination. The amount of said interest, exclusive of said plaintiffs, was $83,220.51. Said agreement was carried into effect. Said Cherry became the purchaser of said premises on the foreclosure sale as trustee for the benefit of said associates, and afterwards executed a declaration of trust, under his hand and seal, and managed said property, and effected said insurance for common benefit. At the time of said purchase and at any time before the fire hereinafter mentioned the value of the interest of the plaintiff in said premises exceeded $15,000. The plaintiff and other associates contributed large sums of money in clearing off incumbrances and protecting said property. After the sale to Cherry as trustee the insurance which plaintiff had effected upon said premises having become void, he caused to be issued five other policies of insurance covering said premises, amounting in the aggregate to the sum of $15,000. Plaintiff procured said policies for his own protection and paid the premiums therefor, and took said policies into his own possession. They were made payable to the plaintiff as his interest might appear. They were issued in form to Cherry, but were intended for the plaintiff's security only. Cherry had previously declined effecting additional insurance for the benefit of the associates. Said policies were dated about July 4, 1874. While said policies were in force, and about October 1, 1874, said premises

were destroyed by fire. The insurance companies were willing to pay on said policies the sum of $9,753.64, and the plaintiff was willing to accept that sum. Before the companies would pay or could be required to pay that sum it was necessary that defendant Cherry should receipt therefor, and join in the proof. The defendant Cherry claimed that the said money belonged to him as trustee, for the benefit of all the associates, and would not consent that the plaintiff receive the same, and in order that the same might be received from the insurance companies it was agreed between plaintiff and defendant Cherry that both parties should join in procuring the same from said companies, and that the same should be received by defendant White, who should hold the same until it should be determined who was entitled thereto. Said White assented to said agreement, and said sum of money was paid to said White accordingly. Said White is ready and willing, and always has been, to pay said money to any party entitled thereto, and submits his rights in the premises to the judgment of the court.

The referee found, as conclusion of law, from the foregoing facts, that the said sum of $9,753.64 was and is the property of the plaintiff, and that the plaintiff is entitled to judgment; that said White pay the same to the plaintiff, with any interest which may have been realized thereon, and directed that judgment be entered accordingly.

*John R. Putnam*, for the appellants.

*Harrington Putnam*, for the respondent.

BOARDMAN, J.:

We are entirely satisfied with the opinion of the referee in this case. His reasoning and conclusion is correct. It is conceded that plaintiff had an insurable interest (*Rohrbach* v. *Germania Ins. Co.* 62 N. Y., 47.) It is established that he insured such interest, for his own benefit, in the name of defendant Cherry, but payable, in case of loss, to plaintiff, as his interest might appear. That gave plaintiff a right of action in his own name against the insurers, in case of loss, on such policy. He would be entitled to recover the amount of his loss, not exceeding the amount of his insurance in such action. (*Pitney* v. *Glen's Falls Ins. Co.*, 65 N. Y., 6; *Cons*

**v.** *Niagara Ins. Co.*, 60 id., 619.) The insurers have recognized plaintiff's rights, and paid over the amount of insurance moneys agreed upon. Such moneys, by whomsoever received, belong to plaintiff. They were paid under and by virtue of a policy running to him, procured and paid for by him. The defendant Cherry could not therefore, I think, be permitted to set up a defense of which the insurers only could take advantage. These views are not seriously controverted by appellants' counsel; but he insists that any insurance effected and paid for by plaintiff, for his own benefit only, inured to the benefit of all others having a like insurable interest. The authorities cited for defendants do not sustain the position. They are cases of partners, lessees or tenants in common, where one of the persons having a common interest takes an undue advantage of his associates to secure a benefit for himself, to their injury. (*Burhans* v. *Van Zandt*, 7 N. Y., 523; *Van Horne* v. *Fonda*, 5 Johns. Ch., 407; *Mitchell* v. *Reed*, 61 N. Y., 126; *Adams* v. *Outhouse*, 45 id., 318; *Getty* v. *Devlin*, 54 id., 403; *Struthers* v. *Pearce*, 51 id., 357.) But the act of plaintiff in insuring his own interest was not hostile to the others having similar interests. It did not injure them. It is not evidence of any unfair advantage. They could have insured as the plaintiff did. Because they did not is not a reason why they should share in the fruits of plaintiff's vigilance, care and expense. A mortgagee may insure his interest in the mortgaged property. One of two several mortgagees may so insure his own interest, and the other would not be entitled to share therein. (*Waring* v. *Loder*, 53 N. Y., 581.) So in the case of joint owners. (*Miller* v. *Eagle Ins. Co.*, 2 E. D. Smith, 299; *Turner* v. *Burrows*, 5 Wend, 541; S. C., 8 id., 144; S. C., 24 id., 276.) The defendant Cherry, as trustee, declined to insure the property for the benefit of all the *cestuis que trust* beyond a certain amount. It is of no consequence what his reasons were. The amount of insurance then upon the property was not sufficient to protect the plaintiff's interest. He therefore procures an insurance of his own interest in his own name, and pays the premium therefor. Neither upon principle nor authority do I find any reason for holding such transaction invalid in its form or manner of execution, or that the others interested in the same property with plaintiff could justly be allowed to share in the proceeds of his precaution and expenditure.

For the reasons stated, we think the judgment should be affirmed, with costs.

LEARNED, P. J., concurred; BOOKES, J., took no part.

Judgment affirmed, with costs.