JAMES J. LEYDEN

*v.*

ELIJAH W. LAWRENCE et al.

[Submitted February 9th, 1911. Decided March 10th, 1911.]

The cross-bill of the mortgagor in a suit to foreclose a mortgage seeking a decree that the mortgage was satisfied by payment of insurance money to the mortgagee averred that the mortgage was made to G.; that insurance policies on the mortgaged property were assigned to G. as collateral security; that the mortgage authorized the mortgagee, in case of the mortgagor failing to keep the property insured, to insure it at the mortgagor's expense, the premium so paid to be added to the obligation secured by the mortgage; that the assigned policies expired, and mortgagor, because unaware thereof, failed to effect new insurance: that mortgagee then effected insurance "in pursuance of said agreement in the mortgage," in an amount in excess of the amount of the mortgage; that, the property having been burned, the insurer paid the loss to the amount of the mortgage, and took from the mortgagee an assignment of the mortgage to complainant for its benefit.—*Held*, that the plea to the cross-bill merely that G. "did not take out or effect insurance on the mortgagor's interest" was insufficient, as its averments cannot be extended by inference, and it can negative the averments of the cross-bill only by positive averments; and the fact that the policy was in form on the mortgagee's interest alone, which is the effect of the averment, not affecting its having been effected at the mortgagor's expense, under the provision of the mortgage, in which case it was for the benefit of the mortgagor, as well as the mortgagee, so that payment of its avails to the mortgagee discharged the mortgage, and did not entitle the insurer to be subrogated to the mortgagor's rights thereunder, as it may be where the mortgagee effects insurance at his own expense and solely in his own behalf.

On bill, cross-bill and plea.

Complainant's bill seeks to foreclose a mortgage against defendants' real estate. Defendants have answered and have also filed a cross-bill which seeks equitable relief against the mortgage. Complainant has filed a plea in bar to the relief prayed by the cross-bill, and the present inquiry is to determine the sufficiency of the plea.

The cross-bill sets forth the following facts: The mortgage which is sought to be foreclosed was made by defendant Lawrence to one Godfrey. Insurance policies on the mortgaged premises were assigned by Lawrence to Godfrey as collateral security to the mortgage. The mortgage contained the usual insurance clause whereby the mortgagor agreed to keep the premises insured and assign the insurance to the mortgagee as collateral security, and, failing in that, the mortgagee was authorized to insure the premises at the expense of mortgagor, and

"the premium paid for effecting the same shall be a lien on the mortgaged premises, added to the amount of the said bond or obligation and secured by these presents (the mortgage) and payable on demand, with legal interest."

The policies which mortgagor had assigned to mortgagee expired and mortgagor failed to effect new insurance by reason of the fact that he was not aware that the policies had expired. Mortgagee then effected insurance on the mortgaged premises "in pursuance of the said agreement contained in the said indenture of mortgage," in an amount in excess of the amount of the mortgage. A loss by fire then occurred and the insurance company paid the loss to the extent of the mortgage and took from the mortgagee an assignment of the mortgage in the name of complainant, who now holds the mortgage in trust for the insurance company. The cross-bill prays that the payment of the insurance money to the mortgagee may be decreed to operate as a satisfaction of the mortgage.

The plea is to the whole cross-bill and sets forth a single fact as follows: "Said Lincoln Godfrey (mortgagee) did not take out or effect insurance on the mortgagor's interest in the build-

ings in said cross-bill mentioned." No further averments are contained in the plea and no denials of any matters set forth in the cross-bill are contained in the plea except in so far as the affirmative averment above quoted may be operative as a denial.

*Messrs. French & Richards,* for the complainant.

*Mr. Austin H. Swackhamer,* for the defendants.

LEAMING, V. C.

It is settled in this state that a mortgagee of real estate has an insurable interest therein, and when such mortgagee, at his own expense and solely in his own behalf, procures insurance on the mortgaged property for the better security of his debt, the insurer, if obliged to pay a loss occasioned by injury to such property, may be subrogated *pro tanto* to the rights of the mortgagee under the mortgage. *Sussex County Mutual Insurance Co.* v. *Woodruff, 26 N. J. Law (2 Dutch.) 541; Nelson* v. *Bound Brook Insurance Co., 43 N. J. Eq. (16 Stew.) 256; Lawrence* v. *Union Insurance Co. (New Jersey Supreme Court), 76 Atl. Rep. 1053.* It may be said to be equally well settled that if the insurance has been taken by the mortgagee at the expense and for the benefit of the mortgagor, as well as for his own protection, the mortgagor will have the right, in case of a loss, to have the avails of the policy applied for his benefit toward the discharge of his indebtedness. *Pearman* v. *Gould, 42 N. J. Eq. (15 Stew.) 4.* This right of the mortgagor, under the circumstances last named, has been sustained even where the policy has been in the name of the mortgagee and where the right of the mortgagor in the policy existed under a parol agreement between the mortgagor and mortgagee unknown to the insurer. See *Kernochan* v. *New York Bowery Fire Insurance Co., 17 N. Y. 428; Clinton* v. *Hope Insurance Co., 45 N. Y. 454; Waring* v. *Loder, 53 N. Y. 581; Sheld. Subr. §§ 234, 235, 236.*

The contending parties do not at this time essentially differ in their views touching the law of subrogation; the present controversy exists more by reason of what may be called technical

questions, arising from the fact that complainant has asserted his defence to the cross-bill of defendants by way of a plea.

It is an established rule of equity pleading that a plea, in order to constitute a bar to complainant's whole right of action, must aver every fact essential to make out a complete defence. *Mount* v. *Manhattan Co., 41 N. J. Eq. (14 Stew.) 211.* These averments must be direct averments; inferences arising from the averments are not effective as a part of the plea. *McEwen* v. *Broadhead, 11 N. J. Eq. (3 Stock.) 129; Story Eq. Pl.* § *662.* A pure or affirmative plea, that is, a plea merely stating matters not apparent upon the bill, usually proceeds upon the ground that, admitting the case stated in the bill to be true, the matter suggested by the plea affords a sufficient reason why the complainant should not have the relief he prays. *1 Dan. Ch. Pl. & Pr.* *604.* Another important rule, well established, is that such pleas must clearly and distinctly aver all facts necessary to render the plea a complete equitable defence to the case made by the bill, so far as the plea extends, so that the complainant may, if he chooses, take issue upon it, and that averments are necessary to exclude intendments which would otherwise be made against the pleader. *Story Eq. Pl.* § *665.*

With these principles in view it seems apparent that the present plea is inadequate as an equitable defence. It will be observed that the cross-bill sets forth that the insurance was for an amount in excess of the mortgage, and that it was not placed by mortgagor because mortgagor was not aware that the former insurance, which had been assigned to mortgagee as collateral security, had expired, and that the insurance now in question was effected by the mortgagee in pursuance of the agreement contained in the mortgage whereby the mortgagee was privileged to effect insurance at the expense of mortgagor, and that the cost thereof should, in such case, be added to the mortgage and become a lien on the mortgaged premises. The equity of this cross-bill is that, under the circumstances stated, a policy of insurance, taken out by mortgagee, pursuant to the recited stipulation contained in the mortgage, will be deemed to have been for the benefit of the mortgagor as well as the mortgagee; for, if in fact taken out pursuant to the provisions of the mort-

gage, it was necessarily taken out at the expense of the mortgagor in that the premiums would thereby become a part of the mortgage debt. The plea does not deny these averments of the cross-bill except in so far as they may be denied by inference by the statement of the plea that "the said Lincoln Godfrey (mortgagee) did not take out or effect insurance on the mortgagor's interest in the buildings in said cross-bill mentioned." As already stated, the averments of the plea cannot be thus extended by inference. If the plea seeks to negative these averments of the cross-bill it should do so by positive averments. *Story Eq. Pl.* § *665; Allen* v. *Randolph, 4 Johns. Ch. 693.* The plea must, therefore, be considered as merely containing an averment, additional to the averments of the cross-bill, to the effect that the policy was in form on the mortgagee's interest alone. If it could at this time be properly assumed from the averments of the cross-bill and plea, that the mortgagee did not effect the insurance in question pursuant to the stipulations contained in the mortgage or with reference thereto, but, in fact, effected the insurance on his interest as mortgagee solely in his own behalf and at his own expense, and without reference to the privilege extended to him by the mortgagee, the plea would probably be sufficient under the decisions of this state, already referred to; but considering the plea in the aspect in which I am convinced it must be considered under the established rules of equity pleading, namely, as an averment of a single fact, additional to the facts stated in the bill, to the effect that the policy, when examined, will be found to be in form a policy on mortgagee's interest alone, I think the plea must be overruled. Cross-complainant is entitled to an ascertainment of the substance, as distinguished from the form, of the entire transaction which culminated in the policy of insurance. That privilege of cross-complainant is the very privilege which is to be found in a court of equity; that privilege is not, in a case of this nature, equally available in a court of law.

I will advise an order overruling the plea.