SARAH MELTZER, Plaintiff, *v.* MEYER BLUMBERG and Others, Defendants.

Supreme Court, Kings County, December 6, 1928.

*Noah Feldman,* for the plaintiff.

*William Dewar, Jr.,* for the defendant Hornberger.

CROPSEY, J. The second mortgagee defends the foreclosure of a first mortgage solely upon the ground that it has been reduced by the payment of a sum by an insurance company under a fire policy. The plaintiff became the holder of the first mortgage by assignment from the Lawyers Mortgage Company, dated May 27, 1927. The mortgage was placed on the property in 1909. After that mortgage was made the property was sold to the answering defendant Horn-

berger, and later she sold it to a party named Goldstein, taking back a second mortgage, dated May 29, 1924. The second mortgage states that it is subject to a first mortgage. The first mortgage contains this clause: " That the mortgagor will keep the buildings on the said premises insured against loss by fire for the benefit of the mortgagee. And should the mortgagee, by reason of any such insurance against loss by fire, as aforesaid, receive any sum or sums of money for any damage by fire to the said building or buildings, such amount may be retained and applied by said mortgagee toward payment of the amount hereby secured, or the same may be paid over either wholly or in part to the said mortgagor, or to the heirs or assigns of the mortgagor, to enable said mortgagor to repair said buildings or to erect new buildings in their place, or for any other purpose or object satisfactory to the said mortgagee, without affecting the lien of this mortgage for the full amount secured thereby before such damage by fire, or such payment over, took place."

A fire insurance policy covering the interest of the first mortgagee was issued and later the building on the premises burned and on May 23, 1927, the insurance company sent to the Lawyers Mortgage Company a check representing the loss. This was for an amount less than the amount of the first mortgage. At that time that company either owned the mortgage or was the agent of its owner and authorized to represent him. That company indorsed the check and delivered it to the owner of the property, knowing at the time that the second mortgage was under foreclosure. The owner of the property turned the check over to the husband of the plaintiff. There is no proof that the building was rebuilt or that the second mortgagee had any insurance protecting her interest.

The question is whether the Lawyers Mortgage Company had the right to pay the insurance money to the owner of the property instead of applying it upon the principal of the first mortgage.

The statement is sometimes made that insurance moneys received by a mortgagee under a policy procured for his benefit by the mortgagor must be applied in payment of his mortgage, if due. (See Cases in Notes in 11 A. L. R. 1298; 9 Am. & Eng. Ann. Cas. 66.) But this is put too broadly. What is meant is that insurance moneys so received must be so applied unless the mortgagor and mortgagee otherwise agree. (*Sherman* v. *Foster*, 158 N. Y. 587, 595; 19 R. C. L. 407, § 186.)

But if a mortgagee insures for his own benefit and at his own expense and not under any provision in his mortgage, the mortgagor has no interest in the policy and any money paid under it to the mortgagee is his, and neither the mortgagor nor the owner of

the property, nor the holder of a subordinate mortgage, has any claim to it, and such a payment is not a payment on account of the principal of the mortgage. (*Ulster County Savings Institution* v. *Leake,* 73 N. Y. 161, 165, 166; *King* v. *State Mutual Fire Insurance Co.,* 7 Cush. 1; *Burlingame* v. *Goodspeed,* 153 Mass. 24.) The same result has been held to follow even when the premium was charged to the owner by the mortgagee. (*Foster* v. *Van Reed,* 70 N. Y. 19.) But if a mortgagee insures for the benefit of himself and the mortgagor or owner at the expense of the latter, or if the latter insures for the benefit of the mortgagee, the rule is different. Then there is an implied obligation that the insurance money, when paid to the mortgagee, shall be applied upon the mortgage debt. (*Waring* v. *Loder,* 53 N. Y. 581, 585; *Graves* v. *Hampden Fire Insurance Co.,* 10 Allen, 281.) The matter is really one of agreement.

So where the insurance policy is payable both to the first and the second mortgagees and the amount of the loss is paid to the first mortgagee, the latter, in the absence of a provision in his mortgage giving him the right so to do, may not turn over the insurance money to the owner. (*Carlin* v. *Frey,* 157 App. Div. 84.) That is because the second mortgagee is a party to the policy and has an interest in it. In the case cited the court said it was the duty of the second mortgagee to protect his mortgage by insisting upon a distribution of the insurance money according to the terms of the policy, and added (p. 87): " No written condition of any contract gave the plaintiff [first mortgagee] the right to turn the insurance money over to Frey [the owner]; on the contrary, the insurance policy forbade her to do so and commanded her to apply it first upon her mortgage and then upon Orton's [second mortgagee] mortgage."

In the instant case the first mortgage, by its terms, required the owner to procure insurance for the mortgagee and gave the latter the right to turn over the insurance money to the owner for any purpose whatsoever. The plaintiff's assignor, therefore, in making such payment, did so in accordance with the contractual relations of the parties. The second mortgagee cannot complain, because she took her mortgage subject to the first mortgage with all its provisions. If she did not wish to be placed in the situation in which she finds herself, she should have refused to take the second mortgage. It is immaterial whether the owner used the insurance money to rebuild, and whether the plaintiff's assignor knew at the time the insurance money was paid to the owner that the second mortgage was under foreclosure. The second mortgagee had no interest whatever in the insurance money that resulted from the policy; that money was payable to the first mortgagee.

The case of *Gordon v. Ware Savings Bank* (115 Mass. 588) is quite in accord with what has been said. There, the mortgagor obtained insurance payable to the first mortgagee. After a fire, the loss was paid to the first mortgagee, who later paid it to the owner, and the owner used it in rebuilding the property and putting it in as good condition as it was in before the fire. The second mortgagee claimed that the loss should have been credited to the principal of the first mortgage; but the court held otherwise, saying that the second mortgagee, by virtue of his mortgage, " acquired no right to, or interest in the policy of insurance " (p. 591), and adding that there were no equities in his favor entitling him to the sole benefit of such payment.

Nor is the case of *Connecticut Mutual Life Insurance Co. v. Scammon* (4 Fed. 263) at variance with the rule stated. There, the insurance was obtained by the mortgagors, and the loss was paid to the mortgagee, which turned it over to one of the mortgagors to be used in rebuilding, but the money was not so used. It was held that the other mortgagors could urge as a defense to a foreclosure that the amount of the insurance should have been credited on the amount of the mortgage debt. Had the payment been made to all the mortgagors, of course there could have been no such holding. Payment to one of them evidently was not in accordance with the provisions of the mortgage.

Judgment for the plaintiff, with costs. Submit findings and judgment on notice.