THE FIRST NATIONAL BANK OF SOUTHAMPTON, Respondent, *v.* ELLSWORTH L. RYDER and Others, Defendants, Impleaded with THE COE-MORTIMER CO., INC., Appellant.

Second Department, November 6, 1931.

*Harry G. Stephens*, for the appellant.

*John R. Vunk* [*Harold Ashare* and *Harri M. Howell* with him on the brief], for the respondent.

CARSWELL, J. Ellsworth Ryder owned a parcel of real property in Bridgehampton, Suffolk county. On April, 24, 1922, he conveyed it to his wife, Rosalie Ryder. On August 1, 1923, Ryder and his wife gave a $4,000 first mortgage upon this property to secure the payment of their bond in that amount, due August 1, 1926. The mortgage ran to one Cary, and by mesne assignments vested in the plaintiff bank.

On September 21, 1923, the Coe-Mortimer Co., Inc., became a judgment creditor of Ellsworth Ryder, and on October 30, 1924, it began an action against Ellsworth Ryder and his wife, Rosalie Ryder, to set aside the above conveyance by the former to the latter, made on April 24, 1922. The usual *lis pendens* was filed at the commencement of the action, on October 30, 1924. This action eventuated in a holding made on April 9, 1930, in favor of the Coe-Mortimer Co., Inc. On a reversal after the first trial therein the Court of Appeals held the transfer invalid. (*Coe-Mortimer Co.* v. *Ryder*, 251 N. Y. 528.) In the interim between the filing of the *lis pendens* in that action and the determination in favor of the Coe-Mortimer Co., Inc., on April 9, 1930, two other mortgages were made by the Ryders — a second mortgage for $2,000 to one Scholtz and assigned to the plaintiff bank, and a

third mortgage for $4,400 direct to the plaintiff bank. These second and third mortgages, of course, were subject to the lien of the Coe-Mortimer Co., Inc., and the judgment obtained by it against the Ryders.

The building upon the property was burned, and the proceeds of an insurance policy procured by the mortgagors were paid on June 9, 1928, to the plaintiff bank, mortgagee, pursuant to the terms of a policy of fire insurance which contained the following provision: " Loss or damage, if any, under this policy, shall be payable to First National Bank of Southampton, N. Y., as first mortgagee [or trustee], as interest may appear."

The payment thereunder ($4,975) was large enough, if devoted to the obligation owing to the plaintiff bank under the first mortgage, to extinguish the debt if so applied as of the due date of the mortgage. The plaintiff bank, however, claims to have applied the proceeds, exclusive of certain payments with which we are not concerned, to the bonds the payment of which the second and third mortgages purported to secure. These two latter mortgages had no validity as liens upon the property herein as to the Coe-Mortimer Co., Inc., because of its judgment against the Ryders, enforcing its prior lien and setting aside the conveyance from the husband to the wife. The first mortgage did have validity, since the moneys advanced thereunder and the security taken therefor concerned a transaction prior to the filing of the *lis pendens* in the Coe-Mortimer Co., Inc., action.

The plaintiff bank then began this action on July 5, 1929, to foreclose its first mortgage of $4,000 on the theory that there had been a default in the payment thereof. It joined as defendants the Coe-Mortimer Co., Inc., and the two Ryders. The Coe-Mortimer Co., Inc., answered, asserting payment had been had by the plaintiff bank on the first mortgage by reason of the circumstances under which it became possessed of the proceeds of the fire insurance policy. The trial court held that no payment was effected, and gave judgment for the plaintiff. The only evidence in this case indicating to what purpose these insurance moneys were to be devoted is that contained in the policy. The provision therein dedicates these moneys to payment of such interest in the property as the First National Bank of Southampton may have " as first mortgagee." Accordingly, when these moneys were received by the bank it was required, in the absence of a valid agreement to the contrary, to apply them to the purposes thus indicated and to hold them as a trust fund to be used to extinguish the indebtedness under the first mortgage as it became due. The general rule is that a mortgagor and a mortgagee may, by agreement, devote the

proceeds of such an insurance policy to a purpose other than that stated in the policy. The dedication of these moneys to the purposes of the first mortgage was not irrevocable, so far as the mortgagee and mortgagors were concerned, but, in the absence of any different manifestation of intention or any revocation of the dedication evidenced in the policy, the bank in its capacity as trustee of these moneys was obligated to devote them to the purpose indicated, to wit, the payment of the first mortgage indebtedness. (*Sherman* v. *Foster*, 158 N. Y. 587, 595; *Meltzer* v. *Blumberg*, 133 Misc. 233, 234.) The absence of evidence that the mortgagors and mortgagee agreed to a diversion from the purpose indicated in writing is the determinative factor in this case.

The plaintiff asserts that the Coe-Mortimer Co., Inc., has no equitable right to insist that these moneys be confined to the extinguishing of the first mortgage indebtedness. We need not decide whether or not the situation herein gives rise to equities in favor of the Coe-Mortimer Co., Inc., which would deprive the mortgagors Ryder and the mortgagee bank from agreeing to divert, to some other purpose, the proceeds of the insurance policy from the payment of the indebtedness under the first mortgage as indicated by the policy, that is, to an effectuation of the dishonest purpose of the Ryders, of which the bank had constructive knowledge when it took the second and third mortgages for advances then made. It may well be that an equitable right to prevent such a diversion is possessed by the judgment creditor, Coe-Mortimer Co., Inc., under the unusual circumstances herein, and the guilty knowledge constructively brought home to the mortgagee of the mortgagors' dishonest purpose, which was frustrated by a judgment in favor of the Coe-Mortimer Co., Inc., in the separate action. That question may be left open, as there is no evidence in this record that the mortgagors and the mortgagee have agreed that there should be a diversion of the proceeds of the insurance policy from the payment of the first mortgage indebtedness to the payment of the later mortgages, which were not valid liens upon the property as to the Coe-Mortimer Co., Inc., by reason of its judgment.

Accordingly, there being no proof in this record that the mortgagors and mortgagee ever agreed that the proceeds of the policy were to be devoted to a purpose other than that stated in the insurance policy, then by operation of law the payment of the proceeds to the First National Bank in its capacity as first mortgagee constituted a payment of the first mortgage as of the due date thereof.

The judgment should be reversed upon the law and the facts, with costs to appellant, Coe-Mortimer Co., Inc., and judgment

directed dismissing the complaint and directing that the mortgage of $4,000 be satisfied of record, with costs to said appellant.

LAZANSKY, P. J., YOUNG, KAPPER and DAVIS, JJ., concur.

Judgment of the County Court of Suffolk county reversed upon the law and the facts, with costs to appellant, the Coe-Mortimer Co., Inc., and judgment directed dismissing the complaint and directing that the mortgage of $4,000 be satisfied of record, with costs to said appellant. Findings of fact and conclusions of law inconsistent herewith are reversed and new findings and conclusions will be made.

Settle order on notice.