■ BENJAMIN SCHLESINGER et al., Respondents, v PG INSURANCE COMPANY OF NEW YORK, Appellant. [621 NYS2d 22] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about November 22, 1993, which granted plaintiffs' motion for summary judgment on the issue of liability and denied defendant's cross-motion for summary judgment, unanimously affirmed, without costs.

The court properly determined, as a matter of law, that plaintiffs had an insurable interest in the premises at the time of the loss because plaintiffs remained liable on the Citibank note and the premises were still subject to the Citibank mortgage. On this basis, however, plaintiffs can recover only to the extent they remained liable under the mortgage on the date of the loss. *(Waring v Loder,* 53 NY 581.)

The court erred in finding that plaintiffs had an ownership interest in the premises at the time of the loss even though the premises had previously been sold pursuant to a foreclosure sale *(Cone v Niagara Fire Ins. Co.,* 60 NY 619). Contrary to the court's holding, the settlement between the parties to the foreclosure action, after the fire occurred, which, by a "so ordered" stipulation, restored title to the premises to plaintiffs and declared the foreclosure sale a nullity, did not retroactively invalidate the foreclosure sale so as to alter the rights and obligations of defendant insurer, a stranger to that stipulation of settlement.

Further, the court erred in determining as a matter of law that plaintiffs retained a pecuniary interest in the premises, because of their continued residence in the premises and their commitment to retain title and overturn the foreclosure sale and judgment prior to the loss. Whether plaintiffs continued to reside in the premises and reasonably expected that the insurance policy would protect them from any loss despite their loss of title present questions of fact that must be resolved at a trial. Resolution of such factual issues in plaintiffs' favor would allow them to recover the value of such pecuniary interest, which would be material if in excess of their liability as mortgagors as of the date of the fire. Concur —Kupferman, J. P., Ross, Williams and Tom, JJ.