■ GREATER NEW YORK SAVINGS BANK, Respondent, v JO-SEFA SANROMAN, Appellant, et al., Defendants. [649 NYS2d 822] —In an action to foreclose a mortgage upon real property, the defendant Josefa Sanroman appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Posner, J.), dated August 22, 1995, as granted the branch of the plaintiff's motion which was for leave to enter a deficiency judgment against her to be satisfied "solely from the mortgaged premises, the rents, issues and profits therefrom, whether collected or uncollected, the improvements thereof and policies thereon and proceeds therein described including, without limitation, any and all proceeds from any insurance policy covering the mortgaged premises."

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the branch of the plaintiff's motion which was for leave to enter a deficiency judgment is denied.

In a decision and order on a prior appeal in this case dated August 28, 1995 (Greater N. Y. Sav. Bank v Sanroman, 218 AD2d 783), this Court reversed a judgment entitling the plaintiff to enter a judgment for any deficiency up to the amount of proceeds recovered by her pursuant to certain insurance policies, concluding that pursuant to the terms of the mortgage note, the plaintiff relinquished its right to recover a deficiency judgment after foreclosure (see, Greater N. Y. Sav. Bank v Sanroman, supra, at 784). Accordingly, the Supreme Court erred in directing the entry of such a deficiency judgment in the order appealed from. O'Brien, J. P., Ritter, Sullivan and Luciano, JJ., concur.