■ JOSEFA SANROMAN, Appellant, v ATLANTIC MUTUAL INSURANCE COMPANY et al., Respondents. [672 NYS2d 396] —In an action, *inter alia,* to recover proceeds of two insurance policies, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Lonschein, J.), dated February 10, 1997, which granted the motion of the defendant Greater New York Savings Bank for summary judgment dismissing the complaint insofar as asserted against it, and (2) an order of the same court, also dated February 10, 1997, which granted the separate motions of the defendants Atlantic Mutual Insurance Company and Merchant Mutual Insurance Company for summary judgment dismissing the complaint insofar as asserted against each of them.

Ordered that the orders are affirmed, with one bill of costs payable to the respondents Greater New York Savings Bank and Merchant Mutual Insurance Company.

The plaintiff is a defaulting mortgagor under a mortgage note which provided, in pertinent part, that she would "keep the buildings on the premises insured against such losses as are determined by the Mortgagee for the benefit of the Mortgagee", and that the mortgagee's source of satisfaction of the mortgage indebtedness would be limited to the "Premises, the rents, issues and profits therefrom, whether collected or uncollected, [and] the improvements and policies and proceeds therein described, and not other assets of the mortgagor".

In 1992 the mortgagor defaulted on the mortgage and the mortgagee commenced a foreclosure action. Thereafter, the premises were substantially damaged by fire. In a prior decision and order involving these parties, this Court held that the defaulting mortgagor was "not entitled to the insurance proceeds of a fire policy on a premises that is maintained, *inter alia,* for the benefit of the mortgagee" (*Greater N. Y. Sav. Bank v Sanroman,* 218 AD2d 783).

The mortgaged property was sold at auction pursuant to the

judgment of foreclosure and sale leaving a substantial amount of the debt outstanding, which exceeded the amount of insurance available. This Court held that the mortgagee had no right under the terms of the mortgage note to seek a deficiency judgment against the mortgagor after foreclosure (*see, Greater N. Y. Sav. Bank v Sanroman, supra; Greater N. Y. Sav. Bank v Sanroman,* 233 AD2d 422).

At issue here, however, is the mortgagor's right to recover the proceeds of insurance policies issued by Atlantic Mutual Insurance Company and Merchant Mutual Insurance Company (hereinafter Merchant). We previously held that the mortgagee is the proper loss payee of the policy issued by Atlantic Mutual Insurance Company (*see, Greater N. Y. Sav. Bank v Sanroman, supra*), and the appellant conceded that in the Supreme Court.

The Merchant policy, which names the mortgagee on the declarations page, covers fire loss, among other things. That policy specifically provides that the interest of the mortgagee "shall not be affected by any foreclosure or other proceeding or notice of sale relating to the property". Both Merchant and the mortgagee contend that, pursuant to the terms of the policy, the policy proceeds due and owing are payable to the mortgagee, not the mortgagor. This is compatible with our previous holding that the plaintiff, as defaulting mortgagor, is not entitled to insurance proceeds (*see, Greater N. Y. Sav. Bank v Sanroman,* 218 AD2d 783, *supra*).

Although the mortgage note precludes the mortgagee from seeking a deficiency judgment against the mortgagor, the issue here is not the mortgagee's rights under the mortgage note. The issue here is the mortgagor's rights under Merchant's insurance policy. In the absence of any evidence that the policy proceeds exceed the amount of the mortgage debt, the mortgagor can point to no provision of the policy or insurable interest authorizing her to recover those proceeds (*see, Schesinger v PG Ins. Co.,* 210 AD2d 179). Accordingly, the defendants' respective motions for summary judgment were properly granted. Rosenblatt, J. P., Ritter, Krausman and Goldstein, JJ., concur.