Robert R. INGRAM et al., Respondents,

v.

Frederick P. KIEWIT et al., Appellants.

No. 23027.

Kansas City Court of Appeals.

Missouri.

Feb. 1, 1960.

———◆———

J. K. Owens, Kansas City, for appellants.

Jack G. Beamer, McKenzie, Williams, Merrick, Beamer & Stubbs, Kansas City, for respondents.

BROADDUS, Judge.

This case arises out of the sale of a house and lot situated in the south part of Jackson County, Missouri. The petition was in three counts and the named defendants were Frederick P. and Erma Kiewit and the Liberty Mutual Fire Insurance Company.

In Count I of the petition plaintiffs, Robert R. and Marie Ingram, alleged that on March 20, 1957, they entered into a written contract to purchase from the defendants Kiewit certain real property in Jackson County (describing it), and that in connection with said purchase the defendants Kiewit orally agreed to assign to plaintiffs the insurance policy issued by defendant Insurance Company upon the improvements upon said property, and that plaintiffs agreed to pay the premiums on said policy as a part of the payments due defendants Kiewit under the purchase agreement; that on May 20, 1957, after plaintiffs had taken possession of said property and discharged all of their obligations under said contract as of that date, the improvements upon said property were extensively damaged by a tornado; that thereafter plaintiffs demanded that defendants acknowledge said assignment and deliver said policy to the plaintiffs; but that defendants had refused to do so. Plaintiffs prayed for an order compelling defendants to acknowledge the assignment of said insurance policy to the plaintiffs and to deliver the same to them.

Count II contained the same allegations as were set forth in Count I, and then prayed for an order compelling defendants Kiewit to account to plaintiffs for any money received by them under said policy, and compelling defendant Insurance Company to render an accounting to plaintiffs of any money paid under said policy to defendants Kiewit.

In Count III plaintiffs adopted by reference all of the allegations set forth in paragraphs 1, 2, 3 and 4 of Count II of their petition and then alleged that "subsequent to said tornado defendants Kiewit took possession of the described real property, thereby depriving plaintiffs of the use and possession thereof, and proceeded to repair and reconstruct the improvements thereon without plaintiffs' permission or approval, and performed said work in an unworkmanlike manner, using second-hand, damaged and inferior material, and wilfully and wantonly removed some of the original improvements from said premises with the intention of converting them to their own use, and did

convert said property, all to the plaintiffs' damage in the sum of $5000." The prayer also sought exemplary damages from the defendants Kiewit in the sum of $5,000.

When the case came on for trial on January 19, 1959, plaintiffs dismissed Count I of their petition. They also dismissed as to Count II the defendant, Liberty Mutual Fire Insurance Company, it not having been named as a party defendant in Count III.

The issues as to Count III were tried to a jury. A verdict was rendered in plaintiffs' favor for $2,000 actual damages and $10 punitive damages. Within due time defendants Kiewit filed a motion for new trial. Thereafter, on February 25, 1959, the court entered the following order, which after reciting certain preliminary matters, reads as follows:

"The Court now takes up defendants' motion for new trial and after arguments by counsel and being advised in the premises.

"It is therefore ordered and adjudged that the defendant Liberty Mutual Fire Insurance Company be and it is now dismissed with its costs, and

"It is further ordered and adjudged that Count I of Plaintiffs' Petition be and the same is *dismissed.*

"It is further ordered and adjudged that the verdict of the jury (Count III Second Amended Petition) be and the same is set aside and for naught held, and

"The Court now enters judgment for the defendants in accordance with defendants' motion for directed verdict at the close of all the evidence.

"Under Count II of Plaintiffs' Second Amended Petition (For an accounting)— Count II is tried to the court as an equity matter—The court finds the issues in favor of the plaintiffs and against the defendants. Plaintiffs were entitled to have their indebtedness to defendants for the purchase

of real estate mentioned in evidence reduced by the sum of $7500.00, proceeds of a wind storm loss insurance policy covering said property, or to have said sum applied to the restoration of the said premises.

"The defendants did not reduce the indebtedness but did make repairs to the said property of a reasonable value of $5700.00.

"It is therefore ordered and adjudged under Count II of Plaintiffs' Second Amended Petition that within ten days from the date of this order the defendants shall tender to the plaintiffs the sum of $1800.00 or tender to the plaintiffs the defendants' receipt in the amount of $1800.00 as evidence of a reduction of the purchase price of said real estate still outstanding.

"Upon the failure of defendants to elect and to comply with this order, plaintiffs shall have general execution."

Defendants contend that the court erred in rendering judgment on Count II of plaintiffs' petition for the reason that said judgment was not based upon competent evidence, and that the court did not have jurisdiction to render said judgment as the same was not within the pleadings.

■ At the outset of the trial both parties agreed that Count II of plaintiffs' petition should be tried to the Court. The written contract for deed was executed by the parties on March 20, 1957, and the Ingram family took possession of the property on March 23, 1957. At that time there was a contract of fire and windstorm insurance on the property between the Kiewits and the Liberty Mutual Fire Insurance Company. By the contract for deed the Ingrams agreed to pay the premiums for this insurance to the amount of $7,500. On May 27, 1957, before legal title to the property had passed to the Ingrams, and before their names had been endorsed on the insurance policy as purchasers of said real property, the dwelling house located thereon was

damaged by a tornado. Both the buyers and sellers agreed that the proceeds of the policy should be used to restore the property rather than to reduce the unpaid balance of the purchase price. According to the testimony of the plaintiffs, they were given no voice in the wording of the contract for repairs to the property, or in the selection of the contractor, or workmen to do the job, the type and quality of material to be used, or the manner in which the work was to be done. They received no part of the insurance benefits and could obtain no information from either the Insurance Company, the Kiewits, or the contractor selected by the Kiewits, as to how much was paid by the Insurance Company, if anything, or how the money was expended, or as to what was done with the salvage. At the trial defendants admitted that the full coverage of the policy, $7,500, was paid to them by the Insurance Company.

Count II of plaintiffs' petition is based upon the premise that said insurance policy, although standing in the name of the Kiewits alone, was carried for the benefit of both the sellers and the buyers as their interest might appear, since the buyers were obligated by the contract for deed to maintain and pay for said insurance. The law in Missouri is well settled that where the mortgagee, under an agreement with the mortgagor, insures the mortgaged property at the charge of the mortgagor, the insurance proceeds, in the event of loss, must be applied by the mortgagee toward the extinguishment of the debt or the restoration of the property, and the mortgagor "is entitled to have an account taken of the proceeds." Dick v. Franklin Fire Ins. Co., 10 Mo.App. 376, 385; McDowell v. Morath, 64 Mo.App. 290, 297; Rutherford v. Sample, 186 Mo. App. 469, 473, 474, 171 S.W. 578. The case of Farmers' & Laborers' Co-op Ins. Ass'n of Audrain County v. Bank of Centralia, 227 Mo.App. 1068, 56 S.W.2d 606, cited by defendants, recognizes the above rule. In that case, however, the deed of trust expressly provided that the mortgagor was *not* required to keep the improvements on the farm insured against loss by fire, 56 S.W.2d loc cit. 607, and the court based its ruling on that fact.

As defendants have intimated in their brief, we do not have a true mortgagor-mortgagee relationship here. However, the rule of law applicable in mortgagor-mortgagee cases has also been applied where the property is destroyed while the same is subject to a contract for deed or contract for sale as here. In a well considered case by the Springfield Court of Appeals (Standard Oil Company v. Dye, 223 Mo.App. 926, 20 S.W.2d 946) it was held that the purchaser was entitled to credit for the proceeds of a fire insurance policy on the property which had been taken out and paid for by the vendor prior to the execution of the sale contract, even though no provision was made in the sale contract for maintenance of insurance by either the buyer or the seller.

According to the testimony of two experienced building contractors who were called as witnesses by the plaintiffs the reasonable value of all labor, material and services expended on the restoration of the house, plus a reasonable charge for contractor's overhead, taxes and profit was $4,477.54 and $4,780 respectively. As stated, the court gave defendants credit for a sum exceeding those amounts, to-wit: $5,700. Defendants claim the sum of $1,204 for having the house painted. It was a small five-room house, 32 x 32 feet, the outside being covered by white asphalt shingles. These shingles were not painted. One of these builders testified that the sum of $512 was a reasonable charge for painting the house, the other placed it at $520. But it does not take an experienced builder to understand that $1,204 was an exorbitant sum to charge for painting the outside trim and the inside of a small five-room house.

In our opinion, the evidence overwhelmingly supported the award and the judgment was within the pleadings. If however, there was some variance between the pleadings and the proof, under Section 509.500, V.A.M.S.1949, the pleadings should be treated as conforming to the proof without amendment. Musser v. General Realty Co., Mo.Sup., 313 S.W.2d 5.

The judgment is affirmed.

HUNTER, J., and SAM C. BLAIR, Special Judge, concur.