STATE of Missouri, ex rel., Walter GEIL, Mary Geil and Geil Associates, Inc., Plaintiffs,

v.

The Honorable James S. CORCORAN, Presiding Judge of the Circuit Court of the City of St. Louis, Mo., Defendant.

No. 44600.

Missouri Court of Appeals,
Eastern District,
Division Three.

Sept. 15, 1981.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Oct. 16, 1981.

Application to Transfer Denied
Dec. 14, 1981.

See also, 623 S.W.2d 557.

Newman & Bronson, Mark I. Bronson, St. Louis, for plaintiffs.

Michael A. Fisher, St. Louis, for defendant.

CRIST, Presiding Judge.

Our preliminary order of prohibition entered on July 21, 1981, is made permanent.

On April 19, 1979, Walter Geil, Mary Geil and Geil Associates, Inc. entered into a customer's agreement with Paine, Webber, Jackson & Curtis, Inc. and Robert Holt (defendants below) for the purchase and sale of securities. Paragraph 14 of the agreement provides:

Any controversy between us arising out of or relating to this contract or breach thereof, shall be settled by arbitration . . . .

Paragraph 13 of the agreement provides:

All transactions heretofore made or entered on my account or accounts shall be treated as though made under and governed by the terms of this agreement. This agreement and its enforcement shall be construed and governed by the laws of the state of New York.

Thereafter, Walter Geil, Mary Geil and Geil Associates, Inc., plaintiffs above and

plaintiffs in this appellate cause, filed suit in Circuit Court of the City of St. Louis against defendants below, in six counts. Walter and Mary Geil in Count I, and Geil Associates, Inc. in Count IV, alleged causes of action pursuant to § 409.411, RSMo.1980, the Missouri Blue Sky Law, for damages arising out of the purchase and sale of securities by misstatements and omissions of material facts. Counts II and V alleged causes of action by Walter and Mary Geil, and Geil Associates, Inc., respectively, premised upon negligence in the advice and purchase and sale of securities. Counts III and VI alleged causes of actions for actual and punitive damages based upon common law fraud arising out of the purchase and sale of securities. All counts arose out of the acts of the defendants below occurring between May 1, 1979 and May 1, 1980 within the County of St. Louis, Missouri.

The defendants' below answer to the petition generally admitted the status of the defendants below (defendant Holt as employee of defendant Paine, Webber) and plaintiffs were their customers, but denied all other allegations and asserted the affirmative defense to all counts that the plaintiffs agreed to settle by arbitration each of the alleged claims pursuant to the terms and conditions of the customer agreement between plaintiffs and Paine, Webber and asserted that defendants below had made demand upon plaintiffs for arbitration of the alleged claims.

Defendants below then filed an application to stay proceedings in the case pending arbitration in accordance with the arbitration clause contained in the customer agreement. Defendants below stated they had made demand upon plaintiffs for arbitration and that the proceeding should be stayed pursuant to Article 75 of the New York Civil Practice Law and/or Title 9, U.S.C., § 1, et seq.

Defendant herein (circuit judge) granted defendants' below motion and ordered the proceedings stayed pending arbitration. Plaintiffs' motion for rehearing was heard and submitted. On July 10, 1981, circuit judge ordered:

Unless prohibited by an appellate court, the following Order will be effective as of July 22, 1981. 'Plaintiffs' Motion for Rehearing . . ., previously heard and submitted, [is] hereby overruled.'

█ Defendants below claim that Paragraph 13 of the agreement mandates that New York law be applied to this case. We do not agree. To decide this, we apply the Restatement (Second) of Conflicts of Law (1971). *National Starch and Chemical Corp. v. Newman*, 577 S.W.2d 99, 102 (Mo.App. 1978). In the absence of an effective choice of law by the parties, § 188(3) of the Restatement (Second) calls for the application of the law of the state where the contract both is negotiated and to be performed, in this case, Missouri. See, *Nakao v. Nakao*, 602 S.W.2d 223, 226 (Mo.App.1980). Here, however, the parties have chosen New York as the applicable law, but § 187(2)(b) calls for this choice to be disregarded if application of New York law would be "contrary to a fundamental policy" of a state whose law would be chosen under § 188. We find the application of New York law to be contrary to our fundamental policy regarding statutory protection of investors in securities transactions.

Missouri has a very strong policy in favor of providing a judicial forum for the claims of investors under the blue-sky laws. Section 409.411(a), RSMo. 1980, provides for a private cause of action before a state tribunal for violations of the blue-sky laws. Furthermore, "any condition, stipulation, or provision binding any person acquiring any security to waive compliance with any provision of the act . . . is void." Section 409.411(g), RSMo. 1980. Missouri courts have never determined whether agreements to arbitrate future controversies between a customer and a broker are invalid under this statutory subsection. The above quoted language, however, is virtually identical to that of 15 U.S.C., § 77n. The United States Supreme Court has held that § 77n renders compulsory customer-broker arbitration agreements unenforceable as applied to disputes arising under the Securities Act of 1933. *Wilko v. Swan*, 346 U.S. 427, 74 S.Ct. 182, 98 L.Ed. 168 (1953).

Federal court decisions are not controlling precedent in Missouri cases. They are highly persuasive, however, where the provisions and purposes for our statute parallel those of the federal enactment. In *Wilko*, the Court stated that there is a strong federal policy in favor of arbitration. However, the Court stated that there is a countervailing policy in favor of providing a federal forum for the protection of investors under the securities laws. The two policies are not easily reconcilable. "Recognizing the advantages that prior agreements for arbitration may provide for the solution of commercial controversies, we decide that the intention of Congress concerning the sale of securities is better carried out by holding invalid such an agreement for arbitration . . . ." *Wilko, supra* at 438, 74 S.Ct. at 188.

■ The Missouri Legislature recently enacted the Uniform Arbitration Act, § 435.350, et seq. RSMo. 1980. While this statute may signal a change in Missouri policy favoring the enforceability of arbitration provisions, we hold that the legislature did not intend to impair the investors' right to judicial relief for violations of the blue-sky laws. Thus, under § 409.411(g), RSMo. 1980, a compulsory arbitration provision in a customer-broker contract is not enforceable.[1]

In light of this fundamental policy favoring judicial determination of state securities claims, it follows that the parties may not circumvent that policy by attempting to apply New York law. Thus, the choice of the parties under § 187, Restatement (Second), Conflict of Laws, must be disregarded in this case. Under § 188, Missouri law is applicable, and in Missouri the arbitration provision is not enforceable.

Since the plaintiffs may proceed in court on Counts I and IV of the complaint, it is not necessary for us to go on to consider Counts II, III, V and VI. The latter claims are intimately related to the former. As a matter of judicial economy, all should be resolved together.

All orders of circuit judge herein submitting, permitting and ordering plaintiffs to submit their causes of action to arbitration are hereby declared null and void. Plaintiffs shall be permitted forthwith to proceed in the circuit court without any requirement for arbitration.

Our preliminary order in prohibition is hereby made absolute.

WEIER and PUDLOWSKI, JJ., concur.

---

1. This same analysis was used to reach the same result, under the blue-sky laws of Florida and Colorado. *Shearson, Hammill & Co. v. Vouis*, 247 So.2d 733 (Fla.App.1971); *Sandefer v. Reynolds Securities, Inc.*, 618 P.2d 690 (Colo. App.1980).